The facts in the instant case are relatively simple. On and prior to April, 1944, Audrey May Kenison was the owner of certain property in Lincoln County, South Dakota. Her father William G. Kenison was dead and the executor of his estate was Irving H. *Page 181 
Kenison, a brother of her father. Olive Kenison Osborne is a sister of Irving H. Kenison and an aunt of Audrey May.
On April 24, 1944, Bertha F. Kenison, mother of Audrey May, presented a petition for appointment of herself as guardian of Audrey May, alleging that the daughter was incompetent to manage her property and stating that she was the only relative of Audrey May interested on the appointment. The same day the county judge made an order appointing Bertha F. Kenison as guardian of the person and estate of Audrey May and reciting that Audrey May was personally present in court and that she had no relatives interested in the appointment except the mother. The mother failed to qualify as such guardian before her death shortly subsequent to the date of said order.
On August 26, 1944, Irving H. Kenison presented a petition for his appointment as the guardian of the person and estate of Audrey May, reciting her property and alleging that Bertha F. Kenison was appointed guardian but did not qualify; that Audrey May was incompetent and that petitioner was the oldest brother of William G. Kenison, deceased. No recitation was made respecting the whereabouts of Audrey May at that time.
On the same date the Court made its order reciting that Irving H. Kenison was the relative most entitled to receive the appointment and therefore no notice need be given and that the incompetent had appeared before the court before, and that she was incompetent and needed a guardian. Letters were issued after qualification.
While it is not clear from the record it apparently is conceded by both parties that Audrey May was on the 26th of August, 1944, the date of the order last described, in the home for the feeble-minded at Redfield, South Dakota. Irving H. Kenison was acting as guardian when Olive Kenison Osborne on January 18, 1946, filed a petition for an order to show cause. Such petition recited that no notice of hearing was given to any of the heirs at law and next of kin of Audrey May and that no order was made dispensing with such notice. Said petition further alleged that Irving H. Kenison had never made and filed an inventory and appraisement and had made no accounting and that the said *Page 182 
Irving H. Kenison intended to operate the farm owned by the incompetent through a son for the farming season of 1946. Petitioner alleged also: "That this petitioner, as well as the other heirs at law and next of kin of the above named incompetent, object to the guardian so doing and believe that it should be operated by some other than the guardian or any member of his family." The prayer thereof was for an order requiring Irving H. Kenison, the guardian of the person and estate of the above named incompetent, to show cause (1) why he should not file an inventory and appraisement; (2) why he should not file an accounting; (3) why he should not be prevented from leasing the real estate either to himself or to any other member of his family; (4) why he should not be removed as guardian for failing to file an inventory and appraisement and to account; (5) why he should not pay expenses for the proceedings.
Order to show cause was issued as requested and was served on Irving H. Kenison. An answer was made by the guardian on January 25, 1946. Hearing was had on the lease matter and the other matters were deferred. On the lease matter the court on February 26th, 1946, approved the lease to the son Robert Kenison ending March 1, 1947. The Court adjourned the other matters to March 14, 1946. On the 26th of March, 1946, the guardian having filed his inventory and appraisement and having accounted, the Court refused to remove the guardian and approved the account. On March 25, 1946, the guardian appealed from that portion of the order of February 26, 1946, reading as follows: "That the said Irving H. Kenison shall not rent the farm belonging to the said Audrey May Kenison to the said Robert Kenison after the lease expires on the 1st day of March, 1947."
The appeal was heard in circuit court on June 25, 1946, by argeement. No testimony was taken and the record was the same there as in the county court except for a motion to dismiss made by the appellant herein, Mrs. Osborne, on the ground that there was no guardian, no notice having been given of the application for the appointment of a guardian. The circuit court held that since the county court had found that there was no objection to the lease or to the *Page 183 
farming ability or honesty of Robert Kenison, that portion of the order appealed from should be eliminated. The circuit court also denied the motion to dismiss.
[1] The question squarely presented by the record before us on this appeal is whether appellant had or asserted such an interest in the proceedings below as would allow an appeal in her behalf from the disposition in the circuit court of the matters there decided. She does not assume to intercede on behalf of the ward but appears only as an individual and makes personal complaints respecting the conduct of the guardian.
In our view of the matter appellant is but a stranger to the proceeding. She individually shows no right to complain about anything that was done. She did not have charge of the incompetent, she is not the natural guardian and she does not appear in a representative capacity. If any complaint is made it must be made by someone in the interest of the ward. She was not entitled to notice of the application when Irving H. Kenison was appointed, and as a relative she would have become entitled to notice only if the county court had so directed.
SDC 35.2102 provides as follows: "Any party aggreived may appeal as aforesaid, except where the decree or order of which he complains was rendered or made upon his default. An executor or administrator shall be deemed a party entitled to appeal.
"A person interested in the estate or fund affected by the decree or order, who was not a party to the special proceeding in which it was made, but who was entitled by law to be heard therein upon his application, or who has acquired, since the decree or order was made, a right or interest which would have entitled him to be heard, if it had been previously acquired, may also appeal as prescribed in this chapter. The facts which entitle such a person to appeal must be shown by an affidavit, which must be filed with the notice of appeal."
This section designates the classes of persons who may appeal to the circuit court. The same also furnishes a guide respecting appeals to this court. Clearly this section does *Page 184 
not include appellant. She individually is not aggreived; She has shown no present interest in the estate of the ward.
"As a general rule, one having no right or interest to protect cannot invoke the jurisdiction of the court as a party plaintiff in an action * * *." "In considering the proper person to institute a judicial proceeding one should bear in mind the fundamental principle that courts are instituted to afford relief to persons whose rights have been invaded, or are threatened with invasion, by the defendant's acts or conduct, and to give relief at the instance of such persons; a court may and properly should refuse to entertain an action at the instance of one whose rights have not been invaded or infringed, as where he seeks to invoke a remedy in behalf of another who seeks no redress. One cannot rightfully invoke the jurisdiction of the court to enforce private rights or maintain a civil action for the enforcement of such rights unless he has in an individual or representative capacity some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy." 39 Am. Jur., pages 858, 859 and 860.
"His interest must be a present, substantial interest, as distinguished from a mere expectancy, or future, contingent interest, and he must show that he will be benefited by the relief granted." 39 Am. Jur., page 860.
[2] Upon a proper showing the courts are fully empowered to appoint a guardian ad litem to safeguard and protect the interests of a minor or incompetent. Our law contemplates such appointments if need therefor appears. It does not contemplate the kind of a contest presented here for review.
It is ordered that the appeal be dismissed.
RUDESILL and WHITNEY, Circuit Judges, sitting for ROBERTS and RUDOLPH, JJ.
All the Judges concur. *Page 185