LOUIS T. KREBS, JR., *et al.*

*v.*

MORGANTOWN BRIDGE AND IMPROVEMENT COMPANY, *et al.*

(No. 10714)

Submitted April 26, 1955.     Decided June 7, 1955.

*Minter L. Wilson, Glenn Hunter,* for appellants.

*Geo. R. Farmer,* for appellees.

RILEY, JUDGE:

Louis T. Krebs, Jr., Virginia Louise Shuster, Helen H. Courtney, Charles Huston, and Louise Browning, the surviving heirs of Chauncey W. Huston, deceased, plaintiffs, brought this suit in equity in the Circuit Court of Monongalia County, against the Morgantown Bridge and Improvement Company, a dissolved West Virginia corporation, certain named stockholders of the dissolved corporation, "all unknown stockholders of" the corporation, Christopher G. Brouzas, Florence K. Brouzas, William French Hunt, Trustee, Mary E. Huston, the surviving widow of Chauncey W. Huston, deceased, E. C. Arkwright, Agnes J. Arkwright, and other named defendants, the impleading of whom does not enter into the decision of this case, praying that: (1) The plaintiffs, together with the defendant, Mary E. Huston, may be decreed to be the equitable owners of Lot No. 12, in Block 28, and other numbered lots, the title to which is not in issue in this case, in South Park Addition to the City of Morgantown, West Virginia, and "of the entirety" of that strip of land known as the "Dead Line" along the western

boundary of South Park Addition, and extending from Allen Avenue to Dorsey Avenue; (2) Chauncey W. Huston be decreed to have had at the time of his death the equitable ownership of each of the properties; (3) the defendants, E. C. Arkwright and Agnes J. Arkwright, may be decreed to be the equitable owners of the undivided interest of Mary E. Huston in Lot No. 12, Block 28, South Park Addition, and that portion of the "Dead Line" which adjoins Lots Nos. 10, 11, and 12, in Block 28 of the South Park Addition; (4) the respective parties herein named as the equitable owners of the properties may be adjudicated as the owners of the legal title now invested in Morgantown Bridge and Improvement Company, and that such legal title be conveyed by a special commissioner to the equitable owners of the property; (5) the three several deeds executed on behalf of Morgantown Bridge and Improvement Company, by Donald G. Lazzelle, as secretary thereof, to Christopher G. Brouzas and Florence K. Brouzas, bearing date on the respective dates of January 19, 1951, February 13, 1951, and December 5, 1951, and which respective deeds purport to convey: (a) to Christopher G. Brouzas and Florence K. Brouzas all of Lot No. 12, Block 28, in South Park Addition; (b) a portion of the property designated in the bill of complaint as the "Dead Line", which is a triangular strip of land bordering on the south of Lot No. 12, in Block 28, and Lots Nos. 10 and 11, the latter two of which lots were purchased by Christopher George Brouzas on November 7, 1950, from a person not involved in the present suit; and (c) another portion of said "Dead Line" property, which the record discloses adjoins the southerly line of Lot No. 40, in Block 50, in South Park Addition, and which Lot No. 40, the record also discloses, is owned by the Brouzas; and (6) that the three several deeds of Morgantown Bridge and Improvement Company, executed by Donald G. Lazzelle, as secretary thereof, to the defendants, Christopher G. Brouzas and Florence K. Brouzas, bearing the respective dates January 19, 1951, February 13, 1951, and December 5, 1951, may be held and adjudicated to be clouds upon the title of the plaintiffs and the defendants,

Mary E. Huston, E. C. Arkwright and Agnes J. Arkwright, which should be removed by the decree of the court.

The defendants, Christopher G. Brouzas and Florence K. Brouzas, prosecute this appeal to the final decree of the circuit court, entered on March 15, 1954, which, *inter alia,* adjudicated: (1) That the three several deeds executed on behalf of Morgantown Bridge and Improvement Company by Donald G. Lazzelle, its secretary, to the defendants, Christopher G. Brouzas and Florence K. Brouzas, dated, respectively, January 19, February 13, and December 5, 1951, and of record in the office of the Clerk of the County Court of Monongalia County, were executed by Lazzelle without authorization, either actual or implied, of which lack of authorization the defendants Brouzas had notice, and that the equitable title to the property conveyed by the three deeds was vested in the heirs at law of Chauncey W. Huston, deceased; (2) that at the time of the bringing of this suit, the defendants, E. C. Arkwright and Agnes J. Arkwright, were the equitable owners of an undivided one-third interest in Lot No. 12, Block 28, of South Park Addition, and that portion of the property described as the "Dead Line", which adjoins the rear of Lots Nos. 10, 11 and 12, in Block 28, and were also the equitable owners of the dower interest of Mary E. Huston, widow of Chauncey W. Huston, deceased, said parties having acquired such interest in the properties by deed from Mary E. Huston, dated September 8, 1952, and of record in the office of the Clerk of the County Court of Monongalia County; (3) that the remaining interest in Lot No. 12, Block 28, South Park Addition, and the portion of the "Dead Line" adjoining Lots Nos. 10, 11 and 12, in Block 28, was at the time of the bringing of this suit vested in the plaintiffs, Louis T. Krebs, Jr., Virginia Louise Shuster, Helen H. Courtney, Charles Huston, and Louise Browning; (4) that as to that portion of the "Dead Line" property which was conveyed to Christopher G. Brouzas and Florence K. Brouzas, by deed of Morgantown Bridge and Improvement Company, executed by its

secretary, dated December 5, 1951, and recorded in the office of the Clerk of the County Court of Monongalia County, the equitable title was vested in Mary E. Huston, widow of Chauncey W. Huston, deceased, and the plaintiff heirs at law of the decedent, Chauncey W. Huston, deceased; (5) that the several parties herein, having been decreed to be vested with the equitable title to the properties in controversy are entitled to have the legal title vested in them by the decree of the circuit court; (6) that the three several deeds executed by Morgantown Bridge and Improvement Company, by its secretary, constitute a cloud upon the title of the plaintiff heirs of Chauncey W. Huston, and the defendants, E. C. Arkwright and Agnes J. Arkwright, which cloud was decreed to be removed; (7) that the prayer for affirmative relief set forth in the answer of the defendants, Christopher G. Brouzas and Florence K. Brouzas, that the deed of Mary E. Huston, widow of Chauncey W. Huston, dated September 8, 1952, and purporting to convey grantor's interest in Lot No. 12, Block 28, and in that portion of the "Dead Line" which adjoins on the southwestern or rear ends of Lots Nos. 10, 11 and 12, of Block 28, South Park Addition, to E. C. Arkwright and Agnes J. Arkwright, be removed as a cloud on the title in controversy should be denied; and (8) specifically (a) that the plaintiffs, Louis T. Krebs, Jr., and Virginia Louise Shuster, is each, respectively, the owner of an undivided one-sixth interest, that the plaintiffs, Helen H. Courtney, Charles Huston and Louise Browning is each, respectively, the owner of an undivided one-ninth interest, and that the defendants, E. C. Arkwright and Agnes J. Arkwright, are the joint owners of an undivided one-third interest, and to the dower right of Mary E. Huston, widow of Chauncey W. Huston, in the entirety of Lot No. 12, Block 28, South Park Addition, and in that parcel of land designated as the "Dead Line" property, lying between South Park Addition and Hopecrest Addition to the City of Morgantown, and adjoining on the south ends of Lots Nos. 10, 11 and 12 of Block 28, of South Park Addition, and that the plaintiffs, Helen H. Courtney, Charles Huston, and Louise Browning is each,

respectively, the owner of a one-ninth interest, and the defendant, Mary E. Huston, is the owner of a one-third interest and of the dower in the entirety of that portion of the "Dead Line" property conveyed by Morgantown Bridge and Improvement Company by Donald G. Lazzelle, its purported secretary, to Christopher G. Brouzas and Florence K. Brouzas, dated December 5, 1951, and duly recorded; (b) that the legal title to the property vested of record in the County Clerk's Office of Monongalia County in Morgantown Bridge and Improvement Company, a dissolved corporation, be conveyed to the parties in interest as set forth in subparagraph "a" by George R. Farmer, Esq., whom the decree appoints as a special commissioner for that purpose; (c) that the several deeds of conveyance executed by Morgantown Bridge and Improvement Company as set forth in paragraph "1" of the decree, be, and the same are thereby set aside, declared null and void, as against the plaintiffs herein and the named defendants, Mary E. Huston, E. C. Arkwright and Agnes J. Arkwright; (d) that the defendants, Christopher G. Brouzas and Florence K. Brouzas, do forthwith surrender possession of the lands and improvements thereon to the parties decreed to be the owners thereof, and upon their failure to do so that a writ of possession be issued at the request of the entitled parties, or any of them; and (e) that the plaintiffs and the defendants, Mary E. Huston, E. C. Arkwright, and Agnes J. Arkwright, do recover of and from the defendants, Christopher G. Brouzas and Florence K. Brouzas, their costs by them expended in the circuit court.

This case was submitted to the circuit court for final adjudication upon plaintiffs' bill of complaint, praying as heretofore set forth *inter alia* that the several deeds executed by Morgantown Bridge and Improvement Company by Donald G. Lazzelle to the defendants Brouzas, dated, respectively, January 19, February 13, and December 5, 1951, be removed as clouds upon the title of the plaintiffs and the defendants, Mary E. Huston, E. C. Arkwright and Agnes J. Arkwright; upon the demurrer of the de-

fendants, Christopher G. Brouzas and Florence K. Brouzas, to plaintiffs' bill of complaint; upon the answer of the defendants, Christopher G. Brouzas and Florence K. Brouzas, in response to the material allegations of the bill of complaint, and praying by way of affirmative relief that the deed of Mary E. Huston, widow of Chauncey W. Huston, deceased, to the Arkwrights, dated September 8, 1952, and filed as "Exhibit No. 7" with plaintiffs' bill of complaint, be set aside as a cloud on the title of the defendants, Christopher G. Brouzas and Florence K. Brouzas; and upon the special replication of the defendants, E. C. Arkwright and Agnes J. Arkwright, to the answer of Christopher G. Brouzas and Florence K. Brouzas, which special replication was filed in reply to the part of the answer of the defendants Brouzas, setting forth their claim for affirmative relief, and also setting forth specifically that the Brouzas are not *bona fide* purchasers for value, and without notice that Morgantown Bridge and Improvement Company was a dissolved corporation at the time the Brouzas accepted deeds for the various properties in controversy, and denying that the Brouzas were without notice that Donald G. Lazzelle, as secretary or as an individual, was wholly without authority to execute and deliver deeds in the name of the dissolved corporation; that Morgantown Bridge and Improvement Company did not carry on corporate business in the usual way between 1925 and 1953; that many deeds for property standing on the public records of Monongalia County in the name of the dissolved corporation between 1925, the date of dissolution of the corporation, and 1950, both inclusive, were made and executed in the name of the corporation by Chauncey W. Huston, as president thereof; and that no deed for any of said properties was ever executed by any other person, no corporate records were kept by the corporation, and no former officers or stockholders, other than the decedent Chauncey W. Huston, ever participated in any of the transactions; and that the purpose of the defendants, E. C. Arkwright and Agnes J.

Arkwright, in acquiring the interest of the defendant, Mary E. Huston, in the properties now claimed by the defendants Brouzas is wholly immaterial, and that the purported title of the defendants Brouzas is void and the deed of Mary E. Huston to the defendants, E. C. Arkwright and Agnes J. Arkwright, cannot constitute a cloud thereon; upon stipulation setting forth numerous facts, most of which are not material to the decision of this case, and upon the evidence adduced under the pleadings and filed by way of depositions with the record, which contains the testimony of plaintiffs' principal witness, Donald G. Lazzelle, that of plaintiffs' witness, William French Hunt, and the testimony of the defendants, Christopher G. Brouzas and Edwin C. Arkwright.

From the uncontroverted allegations of the pleadings and the undisputed facts adduced in evidence it appears that the Morgantown Bridge and Improvement Company was incorporated in 1900; that shortly after its incorporation the corporation laid out South Park Addition to the City of Morgantown, and sold lots, according to a recorded plat which bears the legend: "SOUTH PARK MORGANTOWN selected residence section"; that during the year 1918 the corporation became involved in winding up the business enterprise for which it had been incorporated, and that during that period of time deeds were made by the corporation, executed by its president, Chauncey W. Huston, to the several stockholders or their nominees on the basis of their stock holdings, except that Huston's share was never conveyed to him by any deed, and the property unconveyed remained on the land books in the name of Morgantown Bridge and Improvement Company. Every now and then until he died, Huston would execute a deed for a particular lot in the name of Morgantown Bridge and Improvement Company, signing his name as president with the corporate seal affixed.

At a meeting of the stockholders held on June 3, 1925, a resolution was adopted providing that the corporation discontinue business, surrender its charter and corporate franchise to the State of West Virginia, and the board of

directors was directed in the resolution to proceed to convert the property and assets of the corporation into cash, pay off and discharge all its debts, and divide the remaining assets among the stockholders on a pro rata basis with their several holdings of stock. This resolution having been sent to the Secretary of State of West Virginia, a certificate of dissolution of the corporation was issued by the secretary of state, dated June 30, 1925, and was recorded in the Corporation Record Book in the office of the Clerk of the County Court of Monongalia County.

During the settlement of the estate of Chauncey W. Huston, who died on December 16, 1950, the administrator of the estate, William French Hunt, had Lazzelle, as secretary of Morgantown Bridge and Improvement Company, convey some fourteen lots to Hunt, as Trustee, to hold for the benefit of the heirs of Chauncey W. Huston, deceased, who evidently died intestate. Lot No. 12 of Block 28, in controversy in this suit, was not included in this conveyance.

Later Lazzelle was approached by the defendant, Christopher G. Brouzas, concerning the purchase of Lot No. 12 of Block 28 of South Park Addition and two "Dead Strips", evidently meaning the "Dead Line" property of triangular shape immediately adjoining Lots Nos. 10, 11 and 12 in Block 28 of South Park Addition. As a result the three deeds from Morgantown Bridge and Improvement Company dated, respectively, January 19, 1951, February 13, 1951, and December 5, 1951, all signed by Lazzelle as secretary, were made and delivered to Christopher G. Brouzas and Florence K. Brouzas. The deed of January 19, 1951, was recorded in the office of the Clerk of the County Court of Monongalia County, on January 22, 1951; the deed of February 13, 1951, was admitted to record in said clerk's office on February 13, 1951; and the deed of December 5, 1951, was admitted to record in said clerk's office on December 7, 1951.

Some time between the execution of the deed of January 19, 1951, and September, 1952, some trouble arose

between the Brouzas and the Arkwrights regarding the land between their respective lots. The latter's house, the record discloses, is located principally on Lot No. 69 and partly on Lot No. 68 of the Hopecrest Addition to the City of Morgantown, which Lot No. 68 adjoins the "Dead Line" property adjoining on the south Lots Nos. 10, 11 and 12 of Block 28 of South Park Addition.

For reasons not material to the decision of this case the Arkwrights obtained a deed from Mary E. Huston, the widow of Chauncey W. Huston, dated September 8, 1952; and likewise of record in the office of the Clerk of the County Court of Monongalia County, on October 8, 1952, in which deed the grantor purported to convey all of her undivided one-third interest as the widow of the decedent, Chauncey W. Huston, in and to Lot No. 12, Block 28, of South Park Addition to the City of Morgantown and the "Dead Line" property adjoining on the south Lots Nos. 10, 11 and 12 of Block 28.

From this record it appears that Lazzelle, as secretary of the corporation, had attested one or more of the deeds purportedly made on behalf of the corporation by Chauncey W. Huston, its president; and that after Huston's death Lazzelle, purporting to act as secretary of the dissolved corporation and its only surviving officer, executed the three deeds to the Brouzas and caused the corporate seal to be affixed thereto.

It is the contention of the plaintiffs and the defendant, Mary E. Huston, as the surviving widow of Chauncey W. Huston, deceased, and E. C. Arkwright and Agnes J. Arkwright, that because the decedent, Chauncey W. Huston, did not participate in any distribution of any assets of the company, when deeds were made and delivered to the various stockholders, that the plaintiffs, as heirs of Chauncey W. Huston, as well as the defendant, Mary E. Huston, surviving widow, were vested with the equitable title to the three parcels of land in controversy in this suit, which would serve to cause by a decree of the circuit court the vesting of the legal title in them, as well as in their as-

signees, the Arkwrights, as to two of the three parcels of land in controversy.

Notwithstanding the voluminous pleadings and detailed allegations contained therein, which give rise to matters extraneous to the issue before us, the controlling issue is clear cut: Was the purported secretary of the dissolved corporation authorized to execute on behalf of the corporation the three deeds for the parcels of land in controversy?

If Lazzelle, as the surviving officer of the dissolved corporation, was authorized to execute on behalf of the corporation the three deeds to the defendants, Christopher G. Brouzas and Florence K. Brouzas, the execution of the deeds is the act of the corporation, perhaps a *de facto* corporation in view of its dissolution, and served to convey legal title to the grantees therein free from any equity so far as the Brouzas are concerned residing in Mary E. Huston, widow of Chauncey W. Huston, deceased, and in the plaintiffs in this suit. In the absence of statute and at common law, the dissolution of a corporation by forfeiture of its charter judicially determined, or by surrender to the State of its charter, served to extinguish all debts due to or from the corporation, abate all suits and actions brought by the corporation or against it, in which case the corporation for all purposes would cease to exist as a corporation. *Greenbrier Lumber Co.* v. *Ward,* 30 W. Va. 43, 3 S. E. 227.

But the Legislature of this State has by legislative enactment abrogated the common law rule. Code, 31-1-83, provides for the effect of dissolution or expiration of a corporation as follows: "When a corporation shall expire or be dissolved as prescribed in this article, its property and assets shall be subject to the payment of the corporate obligations and the expenses of winding up its affairs, and the surplus, if any, to distribution among the stockholders according to their respective rights." And more specifically Section 83 provides further that: "The board of directors and the executive officers in office at the date

of such expiration or dissolution, and their successors in office, * * *; and they and their successors in office may cause suits to be brought, conducted, prosecuted or defended, *the real and personal property of the corporation to be conveyed or transferred under the common seal or otherwise, further assurances of previous conveyances to be made, and all lawful acts to be done, in the corporate name, in like manner and with like effect as before such dissolution or expiration;* but so far only as shall be necessary or proper to do and perform every act and thing which should have been or should be done and performed by the corporation, and for collecting the debts and claims due to the corporation, converting its property and assets into money, prosecuting, defending and protecting its rights, enforcing all claims in its favor, and paying over and distributing its property and assets, or the proceeds thereof, to those entitled thereto." (Italics supplied).

For an illuminating annotation concerning the above-quoted section of the Code, see *Houston, Exr.* v. *Utah Lake Land, Water & Power Company,* 55 Utah 393, 187 P. 174, 47 A. L. R. 1282, Anno. 1288, 1569, and in particular pages 1529 to 1533, inclusive, of the Annotation. See also *Partan (Trustee, etc. of Eastern Publishing Co. Inc.)* v. *Neimi,* 288 Mass. 111, 192 N. E. 527, 97 A. L. R. 473, Anno. 477-504, inclusive.

After a careful consideration of the primary question in this case, in the light of the provisions of the West Virginia statute, we are of opinion, and so hold, that the three deeds of Donald G. Lazzelle, secretary and officer of the dissolved corporation, dated, respectively, January 19, 1951, February 13, 1951, and December 5, 1951, served to vest in the defendants Brouzas the full legal and equitable title to the properties described in those deeds; and because all three of these deeds were duly recorded in the office of the Clerk of the County Court of Monongalia County prior to the execution and recordation of the Arkwright deed, the latter deed constitutes a cloud on the title of Christopher G. Brouzas and Florence

K. Brouzas; and the trial chancellor's decree, in addition to holding erroneously that the Brouzas had no title as against the alleged equities of the widow and heirs at law of Chauncey W. Huston, and their grantees, the Arkwrights, erroneously decreed that the defendants, Christopher G. and Florence K. Brouzas, were not entitled to the affirmative relief prayed for in their answer to plaintiffs' bill of complaint.

The pleadings in this case are insufficient in breadth and detail to support a decree for an accounting in favor of the Huston heirs against Donald G. Lazzelle, 1 Hogg's Equity Procedure, Miller, 3d ed., Section 121. Likewise the pleadings are insufficient to sustain the relief which the stockholders of the dissolved corporation may obtain in a derivative stockholders' suit against the corporation and its surviving officers. 1 Hogg's Equity Procedure, Miller, 3d ed., Section 143.

We therefore reverse the decree of the Circuit Court of Monongalia County, and remand this case to that court for further proceedings herein, according to the principles set forth in this opinion, and without prejudice to any of the parties, as they may be advised, and as may be proper either by amendment of pleadings, or by an independent suit or suits, to ascertain what rights, if any, they may have against Donald G. Lazzelle, as the only surviving officer of the dissolved corporation, or to adjust the equities, if any, which the stockholders of the corporation may have among themselves.

*Reversed and remanded with directions.*