**Louis KEHN, Plaintiff and Appellee,**

v.

**Etta HOEKSEMA, Peter Hoeksema, Jim D. Johnson and Lori Johnson, Defendants and Appellants.**

**No. 18704.**

Supreme Court of South Dakota.

Considered on Briefs on Oct. 18, 1994.

Decided Dec. 14, 1994.

Rehearing Denied Jan. 11, 1995.

Wally Eklund, of Johnson, Eklund, Nicholson, Dougherty and Abourezk, Gregory, for plaintiff and appellee.

John D. Jacobsen of Willoughby, Benson and Jacobsen, Burke, for appellants, Hoeksema.

J.M. Grossenburg, Winner, for appellants, Johnson.

SABERS, Justice.

Plaintiff brought declaratory judgment to determine parties' rights under an Option to purchase real estate. Defendants appeal from summary judgment in favor of Plaintiff. We affirm.

**FACTS**

On November 2, 1978, Kehn Ranch Inc. entered into an agreement with Etta and

Peter Hoeksema (Hoeksema) for an Option to Lease or Purchase certain real estate owned by Hoeksema. This Option was recorded in the Gregory County Register of Deeds on December 5, 1980. The Option granted Kehn Ranch, its heirs, successors, and assigns the right to match any bona fide offer from third parties should any third party offer to purchase or lease the Hoeksema real estate. The Option was binding "upon the heirs, successors and assigns of the parties" until January 1, 2008.

On October 29, 1990, Hoeksema entered into a contract for sale of the property to Jim and Lori Johnson (Johnson). Neither Kehn Ranch nor its successors or assigns were notified of this contract. The Secretary of State had issued a Certificate of Administrative Dissolution for Kehn Ranch on December 15, 1989. Hoeksema and Johnson assumed that because the corporation was dissolved, the Option was no longer valid. Louis Kehn (Louis) wrote a letter to Hoeksema's attorney on January 18, 1991, advising that he had recently learned of the contract with Johnson and that he was the assignee of the Kehn Ranch Option. On February 21, 1991, Kehn Ranch conveyed a quit claim deed to Louis, a corporate director, with the Option.

Louis brought a declaratory judgment action on June 21, 1991, against Hoeksema and Johnson. Both sides motioned for summary judgment. On December 30, 1991, the trial court denied both sides' motions for summary judgment and entered an order compelling discovery of Kehn Ranch corporate officers' identities, periods served and minutes of the February 21st meeting when the Option was given. An intermediate appeal was denied by this Court on January 22, 1993. On November 29, 1993, Louis filed a motion to strike Defendants' Answer and to grant judgment in his favor claiming Defendants' had no standing to challenge the conveyance to him. On February 16, 1994, the trial court granted Louis' motion, finding that Hoeksema and Johnson had no standing to challenge the conveyance from Kehn Ranch to Louis. We affirm because the right result was reached.

## Whether the transfer of a corporate asset by a dissolved corporation to one of its directors is valid?

Defendants contend that they have standing based on SDCL 43–25–34 [1] to challenge the quit claim deed from Kehn Ranch to Louis. The trial court held that they did not have standing to challenge the corporate conveyance of the Option. The trial court's order granting summary judgment found that no genuine issue of material fact existed involving the validity of the Option held by Louis. Since Hoeksema's proposed stipulated facts were assumed to be true by Louis and the trial court for purpose of summary judgment, we are faced with a question of law.[2] Conclusions of law are reviewed de novo. *Stover v. Critchfield,* 510 N.W.2d 681 (S.D.1994). The trial court reached the right result in validating the transfer, but for the wrong reason.

Hoeksema and Johnson did have standing to challenge the transfer. We have stated that:

[C]ourts are instituted to afford relief to persons whose rights have been invaded, or are threatened with invasion, by the defendant's acts or conduct, and to give relief at the instance of such persons[.] ... One cannot rightfully invoke the jurisdiction of the court to enforce private rights or maintain a civil action for the enforcement of such rights unless he has in an individual or representative capacity

1. SDCL 43–25–34 provides:
   Every instrument ... affecting an estate in real property ... made with intent to defraud prior or subsequent purchasers thereof, or encumbrancers thereon, is void as against every purchaser or encumbrancer, for value, of the same property, or the rents or profits thereof. *Id.*

2. Johnson stipulated to the facts submitted by Hoeksema except for the following, which the trial court found to be immaterial: a) Kehn Ranch did not have an opportunity to exercise the Option; and b) Louis gave adequate consideration for the ostensible transfer.

some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy.

*In Re Kenison's Guardianship,* 72 S.D. 180, 184, 31 N.W.2d 326, 328 (1948) (citing 39 Am.Jur. pp. 858–860). Hoeksema and Johnson have a land sale contract which is directly affected by the outcome of this litigation. Louis instituted this declaratory judgment action. Since Hoeksema and Johnson are defendants, their standing is to be determined from the defendants' perspective. A party who is necessary to a complete determination or settlement of the question involved may be made a defendant. *Security Nat. Bank & Trust Co. v. Richardson,* 686 P.2d 293, 295 (Okla.App.1984). Hoeksema and Johnson have an interest in the outcome and are necessary for a proper determination in this litigation. Therefore, the only ·question is whether Kehn Ranch, a dissolved corporation, was legally entitled to transfer the Option.

■ Defendants assumed that because Kehn Ranch was no longer a registered corporation that the Option was no longer valid. SDCL 47–7–30.1 allows an administratively dissolved corporation to continue its corporate existence to wind up its affairs. SDCL 47–7–6.1 allows a corporation to wind up its affairs after a certificate of dissolution is issued by the Secretary of State.[3] SDCL 47–7–6.1 grants a dissolved corporation the power to transfer its assets. *See 3 Fletcher, Cyc. Corp.,* § 8137 (Perm. ed.). Dissolution

of the corporation does not transfer title to the corporation's property. SDCL 47–7–6.1. "An option to purchase land is an asset within the scope of a winding up statute and it therefore survives the dissolution of the corporation, and may be exercised if such action is necessary to settle properly the affairs of the dissolved corporation." 3 *Fletcher, Cyc. Corp.,* § 8134. Under SDCL 47–7–6.1, a dissolved corporation may dispose of its properties and distribute its remaining property. The remaining corporate officers may convey title to corporate property to wind up the affairs of the dissolved corporation. *Krebs v. Morgantown Bridge and Improvement Co.,* 141 W.Va. 83, 87 S.E.2d 609, 615 (W.Va.1955) (holding that secretary of dissolved corporation as last surviving officer was empowered to transfer title to corporate property for purposes of winding up corporate affairs). Under SDCL 47–7–50, a dissolved corporation continues its existence to wind up affairs for a period of two years.[4] The Certificate of Dissolution was issued December 15, 1989; the conveyance of the quit claim deed to Louis occurred February 21, 1991, within the two years of SDCL 47–7–50. The quit claim deed to Louis constitutes a valid conveyance of corporate property under SDCL 47–7–6.1. Therefore, the trial court reached the right result but for the wrong reason. *See Sommervold v. Grevlos,* 518 N.W.2d 733, 740 (S.D.1994); *Cowell v. Leapley,* 458 N.W.2d 514, 519 (S.D.1990).

3. SDCL 47–7–6.1 provides, in part:
 A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs, including:
 (1) Collecting its assets;
 (2) Disposing of its properties that will not be distributed in kind to its shareholders;
 (3) Discharging or making provision for discharging its liabilities;
 (4) Distributing its remaining property among its shareholders according to their interests; and
 (5) Doing every other act necessary to wind up and liquidate its business and affairs.
 Dissolution of a corporation does not:
 (1) Transfer title to the corporation's property[.]

*Id.*

4. SDCL 47–7–50 provides, in part:
 The dissolution of a corporation ... shall not take away or impair any remedy available to or against such corporation, its directors, officers, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is *commenced within two years after the date of such dissolution....* The shareholders, directors and officers shall have power to take such corporate or other action as shall be appropriate· to protect such remedy, right or claim.
 *Id.* (emphasis added).

We have considered Defendants' other arguments and determine them to be without merit.

Affirmed.

MILLER, C.J., and WUEST, AMUNDSON and KONENKAMP, JJ., concur.