George M. Fanelli, J.
Three motions: (1) by plaintiff for an order vacating the oral ruling made by the undersigned on May 22, 1957 regarding plaintiff’s production of books and records upon his pretrial examination; (2) by defendant. Scheuer. *189 for an order affirming the said oral ruling and vacating so much thereof as refused to direct plaintiff to produce at said examination certain bank statements, check stub books, bankbooks, can-celled checks and books of account of plaintiff’s wife, Mrs. Edward R. Wornicke; and (3) by defendant, Scheuer, for an order requiring plaintiff’s employer, Kansas Packing Company, Inc., by Fred Cohn, its president, to submit to a pretrial examination as a witness and for his production of relevant books and records pursuant to section 296 of the Civil Practice Act.
This is an action for personal injuries allegedly sustained by plaintiff as the result of an automobile accident which occurred on February 3, 1953. In his bill of particulars, verified November 30, 1953, plaintiff alleges that at the time of the accident he was employed as a sales manager with customary earnings of approximately $25,000 per year, and that as the result of the accident he sustained a “ loss of earnings ” of approximately $25,000 and that ‘ ‘ loss of earnings for the future due to incapacity to work [is] unknown at this time, but [is] still continuing ”. Plaintiff further alleges therein that he sustained a “loss of customers due to inability to return to work and service their accounts ” to the extent of “ 75,000 and upwards and [is] still continuing ’ ’.
The court was of the opinion on May 22, 1957 and is still of the opinion that in view of the substantial amount of special damages claimed by plaintiff by way of loss of earnings and loss of customers, as a sales manager aforesaid, he should produce for use pursuant to section 296 of the Civil Practice Act at the examination before trial, on the question of “damages” (Rules Civ. Prac., rule 121-a) insofar as they relate to and are material and relevant to plaintiff’s said alleged loss of earnings and loss of customers, as set forth in the bill of particulars, all the documents set forth in the subpoena duces tecum, dated May 17, 1957, which refer to plaintiff and to E. R. Wornicke & Company (if such company does in, fact exist), but deleting therefrom all such documents, bank statements, check stub books, bankbooks, cancelled checks and books of account of plaintiff’s wife, Mrs. Edward R. Wornicke. It appears from a reading of the transcript of the oral argument on May 22,1957 that plaintiff’s attorney in effect consented to and does now consent to the production of all relevant books and records pertaining to plaintiff’s personal earnings before and after the accident, including the Federal and State income tax returns, and that in substance is what defendants’ attorneys seek. If plaintiff did in fact file income tax returns for the years 1952, 1953,1954,1955 and 1956 but does not now have copies of same, *190 he can obtain certified copies by making application therefor (cf. Gould v. Sullivan, 54 N. Y. S. 2d 430, affd. 269 App. Div. 736). ‘ ‘ The purpose of examinations before trial, like the trial itself, is to get out the facts. As the trial should be an open meeting on the merits, both sides should have the fair opportunity, in advance of trial, to garner evidence * * * the defendant
may not with any assurance or realism sit back and rely on the burden being elsewhere or await the development of his adversary’s case before preparing to meet it.” (Dorros, Inc. v. Dorr Bros., 274 App. Div. 11, 13.) Accordingly, the first motion is denied to the extent hereinabove set forth.
With respect to the second motion, the same is granted to the extent that it affirms and is consistent with the afore-mentioned; in all other respects it is denied. The court adheres to its original determination that the afore-mentioned items sought of plaintiff’s wife should not be produced. Defendants have made no factual showing that plaintiff’s “ financial transaction was being carried on through her as a dummy”. However, if it should develop from the examination of plaintiff that his wife was in any way connected with E. R. Wornicke & Company (if the same did in fact exist) or that she was plaintiff’s alter ego to the extent that he received earnings for his personal services through her, then defendants may make further application to the court, if they be so advised, for further relief.
As to the third motion, it appears from the examination thus far concluded and from certain public records, that certain financial transactions between plaintiff and his employer, i. e., loans, execution of deeds and mortgages, etc., have transpired both before and after the accident, and since it is plaintiff’s contention that his sole source of income for personal services was and is derived from said employer, it may well be that these financial transactions will have some bearing upon plaintiff’s alleged loss of earnings and loss of customers.
That a corporation may be examined before trial as a witness is a proposition no longer debatable (Southbridge Finishing Co. v. Golding, 2 A D 2d 430). Special circumstances are often presented which warrant the examination before trial of a person other than a party, even though such person might be available for the trial (see Lyon v. Fieldgren Realty Corp., 190 Misc. 700, affd. 273 App. Div. 917 and cases cited therein). Thus examinations of witnesses are permitted when it is established that they are hostile (Reif v. Gebel, 246 App. Div. 776) or where the witness has special or exclusive knowledge of the fact in issue (Manufacturers Trust Co. v. American Nat. Fire Ins. Co., 232 App. Div. 536; Bartlett v. Sanford, 244 App. Div. 722). The *191 courts have not attempted to define with any degree of precision what constitutes ‘ ‘ other special circumstances ’ ’ which will permit the examination of a witness who is not a party to the action. Necessarily it must be left to judicial discretion, under the circumstances presented in a particular case, as to whether granting or refusing the examination will promote the presentation of facts in aid of justice and in the orderly progress of a trial.
In the case at bar, it is the court’s view that defendants have made an adequate showing of special circumstances justifying the examination sought herein. In fact, in his opposing affidavit, the proposed witness’s president avers that “ our books and records will be available at the trial of this action at which time the attorneys for the defendants can have every opportunity to examine me. * * * I state to this court that at the trial of this action I will produce every cancelled voucher reflecting the loans to the plaintiff. This should he sufficient to satisfy the defendants.”
In the light of the afore-mentioned and bearing in mind that the purpose of examinations before trial is to get out the facts and that examinations are thus a useful procedure in facilitating preparation and expediting the trial, the instant motion, in the exercise of discretion, should be and the same is granted. Books and papers pertinent to the items requested will be produced on the examination and used in accordance with section 296 of the Civil Practice Act.
Settle orders on five days ’ notice providing for a date for the examinations to be held at Special Term, Part I, of this court, or at such other time and place as the parties may agree.