HARDING COUNTY, South Dakota, a Political Subdivision, and Meade County, South Dakota, a Political Subdivision, Plaintiffs and Appellees,

v.

SOUTH DAKOTA STATE LAND USERS ASSOCIATION, Defendant,

and

The State of South Dakota, By and Through the Commissioner of School and Public Lands, Curt Johnson, Defendant and Appellant.

No. 17631.

Supreme Court of South Dakota.

Considered on Briefs March 16, 1992.

Decided June 10, 1992.

Robert A. Haivala, Harding County State's Atty., Buffalo, for plaintiff and appellee Harding County.

Michael A. Jackley, Meade County State's Atty., Sturgis, for plaintiff and appellee Meade County.

Mark Barnett, Atty. Gen., David D. Wiest, Asst. Atty. Gen., Pierre, for defendant and appellant.

SABERS, Justice.

Harding and Meade Counties (Counties) claim the assessed value of a leasehold interest in school land equals the assessed value of a fee simple interest in the same real property. The State claims the assessed value of a leasehold interest in school land must be based on the value of the leasehold interest, not on the underlying real property. The trial court agreed with counties. State appeals. We reverse.

FACTS

Upon statehood, the Federal Government gave South Dakota certain real property to be held in trust for school purposes.[1] This real property (school land)[2] is exempt from

---

1. Much of the school land in western South Dakota is leased for grazing. Each year, the Commissioner of School and Public Lands computes the minimum annual rental rate for grazing leases on school land under SDCL § 5-5-10.4. The Commissioner may set the annual rental rate above the statutory minimum, but cannot go below it. See Fox v. Kneip, 260 N.W.2d 371 (S.D.1977), cert. denied 436 U.S. 918, 98 S.Ct. 2264, 56 L.Ed.2d 759. In March of each year, leases for unleased school lands are auctioned. School land leases typically run for five years. Income from these leases is apportioned to all schools on a per student basis.

2. School land traditionally consisted of sections 16 and 36 of each township. However, portions of eastern South Dakota were already settled before statehood. Prior settlement of this land prevented the allocation of school land to sections 16 and 36 in many eastern S.D. townships.

taxation under Article XI, Section 5 of the South Dakota Constitution. As a result of this exemption, many counties are deprived of a large part of their real estate tax base from which local government and schools are funded. To compensate the counties for the loss of these real estate taxes, the South Dakota Legislature made direct appropriations to the counties. These direct appropriations were called "short grass bills" because most of the land was in grazing. In 1977, the Legislature terminated the use of these "short grass bills" and enacted a system whereby leasehold interests in school land would be taxed directly to the lessee.

Counties filed this declaratory judgment action seeking to determine the proper method of assessing and valuing leasehold interests in school land for taxation purposes. The trial court concluded that the Counties could assess a leasehold interest in school land based upon the value of the underlying real property.

## VALUATION

State claims the trial court erred in concluding that a leasehold interest in school land may be assessed at the same value as the fee simple interest, or full value, of the underlying property.[3] Under our standard of review, "[c]onclusions of law 'are given no deference by this court on appeal' and are reviewed de novo." *Rusch v. Kauker*, 479 N.W.2d 496, 499 (S.D.1992).

Taxation of school land is unconstitutional under Article XI, section 5 of the South Dakota Constitution:

The property of the United States and of the state, county and municipal corporations, both real and personal, shall be exempt from taxation, provided, however, that all state owned lands acquired under the provisions of the rural credit act may be taxed by the local taxing districts for county, township and school purposes, and all state owned lands, known as public shooting areas, acquired under the provisions of § 25.0106 SDC 1939 and acts amendatory thereto, may be taxed by the local taxing districts for county, township and school purposes in such manner as the Legislature may provide.[4]

In 1977, the Legislature provided for assessment and taxation of leasehold interests in school land. 1977 S.D.Laws ch. 47. First, leasehold interests in school land were separately classified for taxation purposes in SDCL 10–6–31.2 presumably as authorized by Article XI, section 2 of the South Dakota Constitution.[5] Second, SDCL 10–6–33.5 was enacted to provide that:

The assessment, valuation, equalization and taxation of school and endowment land leasehold interests shall be *at the same level and on the same basis* as lands assessed, valued and equalized ac-

---

To compensate for this loss to the state, the Federal Government gave South Dakota additional property for school land in the western part of the state. As a result, many counties in western South Dakota contain large amounts of school land.

3. Despite testimony by the Commissioner of School and Public Lands as to his duty to collect and remit as much money as possible for *all* schools of the State of South Dakota, State does not challenge the constitutionality of SDCL 10–6–33.5 as taxation of State owned school land in violation of Article XI, section 5 of the South Dakota Constitution. Therefore, we do not reach that issue in this appeal.

4. Rural credit act lands and public shooting areas are not at issue in this case.

5. Article XI, § 2 of the South Dakota Constitution provides in part:

To the end that the burden of taxation may be equitable upon all property, and in order that no property which is made subject to taxation shall escape, the Legislature is empowered to divide all property ... into classes and to determine what class or classes of property shall be subject to taxation and what property, if any, shall not be subject to taxation. Taxes shall be uniform on all property of the same class, and shall be levied and collected for public purposes only.... *[T]he valuation of property for taxation purposes shall never exceed the actual value thereof*[.]

(Emphasis added).

 

cording to §§ 10–6–33.1 to 10–6–33.4, inclusive.[6]

(emphasis added).

 Counties claim this provision means that all leasehold interests in school lands should be assessed at the full value of the underlying land. Although this interpretation of SDCL 10–6–33.5 may appear valid on its face, the result would be to assess and tax school land leases in excess of their actual value. If Counties' interpretation of SDCL 10–6–33.5 were correct, then SDCL 10–6–33.5 would be unconstitutional as violative of Article XI, section 2 of the South Dakota Constitution. However, we have stated that "[w]henever within the bounds of reasonable and legitimate construction, an act of the Legislature can be construed so as not to violate the constitution, that construction should be adopted." *Matter of Certain Territorial Elec. Boundaries, Etc.*, 281 N.W.2d 65, 69–70 (S.D.1979). *See also State v. Stone*, 467 N.W.2d 905, 906 (S.D.1991); *Oien v. City of Sioux Falls*, 393 N.W.2d 286, 289 (S.D.1986). Such a construction exists in this case.

 "A leasehold may be carved out of any *'larger'* estate." R. Cunningham, W. Stoebuck, D. Whitman, The Law of Property § 6.1, at 256 (1984) (emphasis added). A leasehold, as a partial interest in real property, is by definition of less value than the full fee simple interest in the same real property. The holder of a school land lease has a leasehold interest in school land, *not* a fee simple interest. The assessed valuation of school land leases must be based upon the value of the leasehold, *not* upon the value of the full fee simple interest. Therefore, the words "at the same level and on the same basis as lands ..." in SDCL 10–6–33.5 mean 'at the same level and on the same basis as comparable interests in lands ...'. In other words, a leasehold interest in school land may be assessed and taxed only at the full value of the leasehold interest. Therefore, we reverse and remand.

The State urges this Court to adopt a particular method to determine the value of these leases. However, the adoption of any particular valuation method is premature under these facts and unnecessary to this appeal.

MILLER, C.J., and, HENDERSON, WUEST and AMUNDSON, JJ., concur.

6. SDCL 10–6–33.1 to 6–33.4 set forth procedures for assessing, valuing, equalizing and taxing ag-