**James ROSS, Appellant,**

v.

**Ron PLAYLE, Appellee,**

and

**Playle Publications, Inc., Defendant.**

No. 92–53.

Court of Appeals of Iowa.

Aug. 6, 1993.

Larry L. Miller of Janssen, Cosson & Miller, Des Moines, for appellant.

Phil Watson and Thomas J. Jackowski of Watson & Peterson, P.C., Des Moines, for appellee.

Considered by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

James Ross appeals from a district court order awarding him a judgment of $116,-432.64, against Playle Publications, Inc., on his petition on an open account. The district court refused to hold Ron Playle personally liable for the amount. Ross contends the district court erred in failing to pierce the corporate veil.

James Ross is engaged in the printing business as a broker. Ron Playle is the sole shareholder, director, and officer of Playle Publications, Inc. Playle Publications is involved in the mail order business of selling books and supplies. Playle Publications, Inc. was incorporated in May 1985 and is the successor to a business Ron Playle previously operated as a sole proprietor under the name R & D Services.

Prior to 1986, Ross was employed by Garner Publishing. Ross was the primary contact between Garner and Playle. After leaving Garner, Ross continued to do business with Playle.

From 1987 until 1990, Playle made several orders through Ross. Playle signed invoices without reference to his corporation.

By the time this petition was filed in December 1990, the amount owed Ross was $116,432.64, representing the amount of the outstanding invoices.[1] The petition sought recovery from Playle and his corporation. Ross argued that Playle is personally responsible on two grounds: 1) Playle personally ordered much, if not all, the merchandise in question; and 2) the corporate veil should be pierced because corporate formalities were not observed and assets of the company had been diverted to Playle.

---

1. This amount is not in dispute nor is the judg- ment against the corporation.

The case proceeded to trial before the court. Following trial, the court entered judgment against Playle Publications, Inc., for the full amount of the claim. However, the court refused to hold Ron Playle personally liable. Ross appeals. We affirm.

He claims the district court erred in failing to hold Ron Playle liable for the debt owed Ross by Playle Publications, Inc.

■ Our review is for corrections of errors at law. Iowa R.App. 4. Findings of facts in a law action are binding on us if supported by substantial evidence. Iowa R.App.P. 14(f)(1). However, this rule does not preclude inquiry into the question whether, conceding the truth of the facts found, a conclusion of law drawn therefrom is correct, nor are we bound by the trial court's determination of the law. *Briggs Transp. Co. v. Starr Sales Co.*, 262 N.W.2d 805, 811 (Iowa 1978).

■ A corporation is a legal person, although artificial, distinct from its officers, directors and shareholders. *Wyatt v. Crimmins*, 277 N.W.2d 615, 616 (Iowa 1979). This concept, central to corporate law, enables corporate stockholders to limit their personal liability to the extent of their investment. *Briggs*, 262 N.W.2d at 809.

■ But the corporate device cannot in all cases insulate the owners from personal liability. *Id.* at 809–10. The corporate veil will be pierced under exceptional circumstances such as "where the corporation is a mere shell, serving no legitimate business purpose, and used primarily as an intermediate to perpetuate fraud or promote injustice." *Id.* at 810; *see also Bankers Life & Casualty Co. v. Kirtley*, 338 F.2d 1006, 1013 (8th Cir.1964).

■ Factors to be considered in deciding whether to pierce the corporate veil are as follows:

1. The corporation is undercapitalized;

2. The corporation lacks separate books;

3. The corporation's finances are not kept separate from individual finances or individual obligations are paid by the corporation;

4. The corporation is used to promote fraud or illegalities;

5. The corporation formalities are not followed; or

6. The corporation is a mere sham.

*Fazio v. Brotman*, 371 N.W.2d 842, 846 (Iowa App.1985); *see also Lakota Girl Scout Council, Inc. v. Havey Fund–Raising Management, Inc.*, 519 F.2d 634, 638 (8th Cir. 1975); *Briggs*, 262 N.W.2d at 810.

■ Ross argues Playle did not follow corporate formalities in operating his business. In particular, the purchase orders were not done in the formal fashion. As a result, Ross claims he was unaware that Playle was acting on behalf of the corporation. However, the trial court specifically found Ross knew that Playle was buying all merchandise for the corporation. Ross's own testimony made it clear that he knew Playle Publishing Inc. was incorporated. Ross admitted he knew Playle was acting for Playle Publications, Inc. when he would order merchandise. Ross ran an open account with Playle Publications, Inc. Ross received many documents to be printed, as well as the computerized printout of the account receivable, bearing the name of Playle Publications, Inc.

The parties entered into a stipulation that the only manner in which Ross claims that Playle Publications, Inc. did not follow corporate formalities was on the purchase orders. The district court found this insufficient to pierce the corporate veil. The district court found no intent to defraud creditors in Playle's informal ordering of merchandise from its long time supplier, Ross.

Ross also argues Playle's individual obligations were paid by the corporation. Specifically Ross objects to Playle taking a yearly salary of $46,000 while Ross remained unpaid. Ross also points to the payments by the corporation of rent of $2,500 per month to Playle, who personally owned the real estate and who was making real estate contract installments of only $1,463 per month. We agree with the district court that Ross provided no evidence that the salary received by Playle was excessive, or that rent was not a fair and reasonable one. There was no

evidence that any of the rent or salary payments were made with the intent to defraud creditors.

For the reasons stated above, together with other evidence and inferences in the record, we conclude there is substantial evidence to support the trial court's decision not to pierce the corporate veil.

**AFFIRMED.**