**Ronald C. TANNAHILL d/b/a Rent–A–Dent, Appellee,**

v.

**Paul AUNSPACH d/b/a American Delivery Service and Lanter Courier Corporation, Appellants.**

No. 94–1676.

Court of Appeals of Iowa.

July 25, 1995.

Kent T. Kelsey of Whitfield & Eddy, P.L.C., Des Moines, for appellant.

Ted Enabit of Ted Enabit, P.C., Mason City, for appellee.

Heard by DONIELSON, C.J., and SACKETT and HUITINK, JJ.

HUITINK, Judge.

Paul Aunspach appeals the district court's judgment awarding damages to Ronald Tannahill for breach of an oral rental agreement. Aunspach claims the district court erred by holding him personally liable for an obligation of American Delivery Services Corporation.

Aunspach is the president and a shareholder of American Delivery Services Corporation. Tannahill is the sole proprietor of Rent–A–Dent, a used car sales and rental business.

In 1992 Tannahill agreed to lease American Delivery Services several vehicles for use in its delivery business. Although the rental agreements prepared by Tannahill were never signed, they identified American Delivery Services as the lessee. No reference was made to Aunspach in any of the written lease agreements.

American Delivery Services made its lease payments to Rent–A–Dent until June 30, 1992, when its assets were sold to Lanter Courier Corporation. Lanter did not assume any of the leases, and the vehicles were returned to Rent–A–Dent.

Tannahill subsequently sued Aunspach doing business as American Delivery Services and Lanter for breach of contract. The district court determined that Aunspach breached an oral rental agreement with Tannahill and awarded damages. Although the district court acknowledged American Delivery Services' corporate structure, it nevertheless found Aunspach personally liable stating "he did not protect his position by establishing the corporate character under which he now claims to have been operating." The district court also found Lanter was not liable for breach of the lease.

■ Since this action was tried as a law action, our review is for errors of law. Iowa R.App.P. 4. We are bound by the district court's findings of fact if they are supported by substantial evidence. Iowa R.App.P. 14(f)(1). Evidence is substantial if a reasonable person would accept it as adequate to reach a conclusion, regardless of whether the evidence might support a different finding. *Cerro Gordo County v. Public Relations Bd.*, 395 N.W.2d 672, 675 (Iowa App.1986). However, this rule does not preclude inquiry into the question whether, conceding the truth of the facts found, a conclusion of law drawn therefrom is correct, nor are we bound by the trial court's determination of the law. *Briggs Transp. Co. v. Starr Sales Co.*, 262 N.W.2d 805, 811 (Iowa 1978).

In reaching its conclusions, the district court analyzed the details of American Delivery Services' transaction with Rent–A–Dent and compared them to American Delivery Services' transaction with Lanter. It noted the strict adherence to corporate formalities in the Lanter transaction and the absence of corporate references in any of the documents exchanged in the Rent–A–Dent transaction.

■ As a matter of agency law, a corporate officer is not ordinarily liable in damages for a breach of contract by the corporation. *Bossuyt v. Osage Farmers Nat'l Bank*, 360 N.W.2d 769, 778 (Iowa 1985). An agent can be held liable for breach of contract if the principal is not disclosed. *Powell v. Khodari–Intergreen Co.*, 334 N.W.2d 127, 132 (Iowa 1983). A corporation may be a disclosed principal by virtue of its recorded articles of incorporation. *Newberry v. Barth, Inc.*, 252 N.W.2d 711, 712 (Iowa 1977). "Although his agency is known, his principal disclosed, and his authority adequate, an agent may, by express promise or undertaking, or by implication from words or conduct, exclusively pledge his own credit." *Wheeler Lumber and Bridge Supply Co. v. Anderson*, 249 Iowa 689, 694, 86 N.W.2d 912, 915 (1957) (citations omitted).

■ A corporate entity may also be disregarded under exceptional circumstances resulting in personal liability for a shareholder. These circumstances include sham corporations serving no legitimate purpose which are used to perpetrate fraud or promote injustice. *Lakota Girl Scout Council, Inc. v. Havey Fund Raising Management, Inc.*, 519 F.2d 634, 638 (8th Cir.1975). A corporation's failure to follow corporate formalities is among the factors considered in making this determination. *Fazio v. Brotman*, 371 N.W.2d 842, 846 (Iowa App.1985).

■ Based on our limited review, we are unable to find sufficient evidence supporting the district court's decision to disregard American Delivery Services' corporate entity. As stated earlier, there is no dispute regarding its corporate existence. The district court's only stated reason for imposing personal liability was Aunspach's failure to scrupulously follow unspecified corporate formali-

ties in the Rent–A–Dent transaction. Failure to follow corporate formalities in the ordinary course of business does not necessarily justify piercing the corporate veil. *Ross v. Playle*, 505 N.W.2d 515, 517 (Iowa App.1993) (corporation's failure to follow corporate formalities in executing purchase orders did not warrant piercing corporate veil).

This is not a situation in which we believe the corporate entity should be disregarded. It was Tannahill who prepared the documents omitting reference to American Delivery Services' corporate structure, not Aunspach. None of the omitted corporate formalities are therefore attributable to Aunspach. Contrary to the district court's findings, there is no evidence suggesting Aunspach concealed his corporate principal from Tannahill. Moreover, there is no indication Aunspach, either expressly or by implication, represented the leases were a personal undertaking. It was reversible error for the district court to conclude otherwise.

**REVERSED.**