2000 SD 46

**Suzanne Kay OSLOOND, Plaintiff and Appellee,**

v.

**Raymond Earl OSLOOND, Jr., Defendant and Appellant.**

**No. 20956.**

Supreme Court of South Dakota.

Considered on Briefs Dec. 1, 1999.

Decided April 5, 2000.

Linda Lea M. Viken of Viken, Viken, Pechota, Leach & Dewell, Rapid City, for plaintiff and appellee.

A.P. Fuller of Fuller, Tellinghuisen, Gordon & Percy, Lead, for defendant and appellant.

CALDWELL, Circuit Judge.

[¶ 1.] Raymond appeals the trial court's denial of his motion to release funds from levy. The trial court's decision upheld a notice of levy issued by the Lawrence County Sheriff's Department upon the corporate accounts of Stretch's, Inc., a corporation owned by Raymond. We reverse the circuit court's decision and remand for proceedings consistent with this opinion.

## FACTS

[¶ 2.] This matter arises from a judgment and decree of divorce entered on October 24, 1997 and the subsequent proceedings to enforce the judgment and decree. In the decree, Suzanne was awarded a property settlement of $143,315.50. This property award was payable 25 percent within 60 days of the decree and the remainder payable over 15 years at no less than $650.00 per month. Suzanne was also awarded $887.20 per month in child support and $1,200.00 per month for 48 months in alimony. Raymond appealed the decree, which was summarily affirmed.

[¶ 3.] Suzanne made numerous attempts to enforce the decree through the use of contempt proceedings. However, numerous hearings, awards of attorney fees and jail time failed to bring Raymond into compliance with the decree. Suzanne then sought to collect the amounts still due to her through execution and levy against Raymond's property. This included placing a levy on the accounts of a corporation known as Stretch's, Inc., (Stretch's) since Raymond is the sole shareholder, officer and agent of Stretch's. All of the corporate stock of Stretch's was awarded to Raymond as a part of the property division in the decree.

[¶ 4.] On December 23, 1998, Raymond made a motion to release the corporation's funds from the levy. A hearing was held January 27, 1999. The trial court denied the motion to release under SDCL 15–18–17 and the levy remained in place against the corporate funds. Both sides presented arguments during this hearing on the issue of piercing the corporate veil as an alternative to maintaining the levy under SDCL 15–18–17. While the trial court did state that piercing the corporate veil would be appropriate considering the facts of this case, he did not rest his decision upon that theory in deciding to uphold the levy. He instead stated that it was not necessary to go forward with piercing the corporate veil, because under SDCL 15–18–17, the levy could stand without such action.

[¶ 5.] Raymond filed a notice of appeal and raises the following issue for our consideration:

Whether the trial court erred in allowing corporate property to be taken by levy without the necessity of piercing the corporate veil?

## STANDARD OF REVIEW

[¶ 6.] Our standard of review is well settled:

We review a trial court's findings of fact under the clearly erroneous standard. *Jasper v. Smith,* 540 N.W.2d 399, 401 (S.D.1995) (citing *Cordell v. Codington County,* 526 N.W.2d 115, 116 (S.D. 1994)). Under this standard, we will not disturb the court's findings unless we are firmly and definitely convinced, after a review of the entire evidence, a mistake has been made. *Id.* We review a trial court's conclusions of law under a de novo standard. *Id.* Under a de novo review, we give no deference to the trial court's conclusions of law. *Id.*

*Sabhari v. Sapari,* 1998 SD 35, ¶ 12, 576 N.W.2d 886, 891 (quoting *Landstrom v. Shaver,* 1997 SD 25, ¶ 37, 561 N.W.2d 1, 7).

[¶ 7.] The question of the appropriateness of the levy under SDCL 15–18–17 is clearly a question of law involving the interpretation of SDCL 15–18–17 and other statutes. Thus, this Court reviews this issue de novo.

## ANALYSIS AND DECISION

[¶ 8.] **Whether the trial court erred in allowing corporate property to be taken by levy without piercing the corporate veil?**

[¶ 9.] "A firmly entrenched doctrine of American law is the concept that a corporation is considered a legal entity separate and distinct from its officers, directors and shareholders until there is a sufficient reason to the contrary." *Kansas Gas & Elec. Co. v. Ross,* 521 N.W.2d 107, 111 (S.D.1994) (citing 1 Charles R.P. Keating & Gail O'Gradney, *Fletcher Cyclopedia of the Law of Private Corporations* § 25 (perm. ed. 1990); 18 Am.Jur.2d *Corporations* § 43 (1985); 18 CJS, *Corporations*

§ 8 (1990)). This Court has long recognized this doctrine as well. *See Mobridge Community Industries, Inc. v. Toure, Ltd.,* 273 N.W.2d 128, 132 (S.D.1978); *Farmers Feed & Seed v. Magnum Enterprises, Inc.,* 344 N.W.2d 699, 702 (S.D. 1984); *Ethan Dairy Products v. Austin,* 448 N.W.2d 226, 230 (S.D.1989); *Baatz v. Arrow Bar,* 452 N.W.2d 138, 141 (S.D. 1990); *Kansas Gas & Elec. Co.,* 521 N.W.2d at 111. This concept of limited liability is the central purpose for choosing a corporate form because "it permits corporate shareholders to limit their personal liability to the extent of their investment." *Id.* (citing *Ross v. Playle,* 505 N.W.2d 515, 517 (Iowa App.1993) (citations omitted)). The principle exception to limited liability is the doctrine of piercing the corporate veil which allows courts to disregard the distinction between a corporation and its shareholders to prevent fraud and injustice. *Id.* at 112.

[¶ 10.] A party who receives a favorable judgment can place levies on the property of the defendant by executing the judgment. *See* SDCL ch. 15–18. The property, which may be subjected to a levy upon execution of a judgment, is provided in SDCL 15–18–17, which states:

All property and interests therein and rights appurtenant thereto, tangible or intangible, including shares or interests in any corporations, credits, chooses in action, and whether capable of manual delivery or not, belonging to the party against whom the execution was issued, and not exempt by law may be taken on execution and sold or otherwise applied to the satisfaction of the judgment as provided by law.

[¶ 11.] Suzanne argues that SDCL 15–18–17, by providing a levy against corporate shares or interests, allows an exception to the doctrine of limited liability and the concept of a separate corporate entity. It is Suzanne's position that since Raymond is the sole shareholder, officer and agent of Stretch's, all of the assets and

cash belonging to the corporation can be levied upon for execution of a personal judgment against Raymond. This same position was adopted by the trial court as the primary basis for denying the motion to release Stretch's assets from the levy. However, reliance on SDCL 15–18–17 is misplaced. There is nothing in the law of this state to suggest that SDCL 15–18–17 was intended as an exception to fundamental corporate principles.

[¶ 12.] Suzanne argues that by including both shares and interests in a corporation, the legislature intended SDCL 15–18–17 to go beyond the right to simply levy against stock held by the defendant. In fact, she argues that it allows her access to all corporate assets because Raymond is the sole shareholder, officer and agent. It is obvious that by including the word "interests" in the statute the legislature intended to encompass something other than shares or stock held in a corporation. However, it is not correct to find that the use of the word "interests" allows Suzanne complete access to all corporate assets held by Stretch's. Instead, the word "interests" gives Suzanne the right to anything that Raymond has a legal right to receive from the corporation. Under SDCL 15–18–17, Suzanne can levy against any stock owned by Raymond, the monthly salary he receives from the corporation or his right to a share of the profits at the end of each fiscal year. Nothing in SDCL 15–18–17 allows a levy upon corporate assets other than those in which Raymond has a legal interest, unless there is sufficient reason to pierce the corporate veil. A key reason for this is that each are separate entities and other creditors of the corporation may have rights to be interested herein.

[¶ 13.] To pierce the corporate veil and obtain access to corporate funds, Suzanne must meet the requirements of the two-prong test developed by this Court: 1) was there such unity of interest and ownership that the separate personalities of the corporation and its shareholders, officers or directors are indistinct or non-existent; and 2) would adherence to the fiction of a separate corporate existence sanction fraud, promote injustice or inequitable consequences or lead to an evasion of legal obligations. *Kansas Gas & Elec. Co.,* 521 N.W.2d at 112. *See N.L.R.B. v. Greater Kansas City Roofing,* 2 F.3d 1047, 1052 (10th Cir.1993); *Almac, Inc. v. JRH Development, Inc.,* 391 N.W.2d 919, 922 (Minn.App.1986); Keating & O'Gradney, *supra,* § 41.30 at 662; David H. Barber, Note, *Piercing the Corporate Veil,* 17 Willamette L.Rev. 371, 376 (1981). "In deciding whether the corporate veil will be pierced, we recognize that 'each case is *sui generis* and must be decided in accordance with its own underlying facts.'" *Mobridge Community Industries, Inc.,* 273 N.W.2d at 132 (quoting *Brown Brothers Equipment Co. v. State,* 51 Mich.App. 448, 215 N.W.2d 591, 593 (Mich.App.1974)). Since the trial court decided this case solely based on its interpretation of SDCL 15–18–17, it failed to make findings of fact or conclusions of law for this court to review on this particular issue. Whether the corporate veil should be pierced is a question of fact and this case is remanded to the trial court for proceedings consistent with this opinion.

[¶ 14.] Suzanne filed a separate motion for appellate attorney fees accompanied by an itemized statement of expenses. *Radigan v. Radigan,* 465 N.W.2d 483, 487 (S.D.1991)(citing *Malcolm v. Malcolm,* 365 N.W.2d 863, 866 (S.D.1985)). "The factors used to determine whether one party should be required to pay attorney fees for the other party in a divorce appeal include 'the property owned by each party, their relative incomes, the liquidity of the assets, and whether either party unreasonably increased the time spent on the case.'" *Caughron v. Caughron,* 418 N.W.2d 791, 794 (S.D.1988) (quoting *Storm v. Storm,* 400 N.W.2d 457, 458 (S.D.1987)). We are presented with a statement of $534.96. Raymond has significantly more liquid assets and income

than Suzanne; and our review of this record convinces us that he unreasonably increased the time spent on this case. We award Suzanne the entire amount of her appellate attorney fees claimed herein.

[¶ 15.] MILLER, Chief Justice, and SABERS, KONENKAMP and GILBERTSON, Justices, concur.

[¶ 16.] CALDWELL, Circuit Judge, for AMUNDSON, Justice, disqualified.