Selwyn A. ROBINSON, et al.,
Plaintiffs–Appellees,

v.

George R. ARIYOSHI, Governor, et al.,
Defendants–Appellants,

and

McBryde Sugar Company, Limited, et
al., Defendants–Appellees.

Nos. 88–1543, 88–1679.

United States Court of Appeals,
Ninth Circuit.

Aug. 22, 1988.

Before GOODWIN, Chief Judge, TANG, Circuit Judge, and GRANT, District Judge.*

ORDER

This Hawaii water rights case, which has meandered through state and federal courts for more than 60 years, has once again returned to us. The plaintiffs have moved to restrict the issues upon this ap-peal to the scope of the Supreme Court's remand. The motion should not be necessary, but the State defendants apparently have endless time and energy.

In *Robinson v. Ariyoshi,* 753 F.2d 1468 (9th Cir.1985), we held that this case constituted a "case or controversy" ripe for judicial review. *See* U.S. Const. art. III, § 2.

The Supreme Court vacated our judgment and remanded the case for further consideration in light of *Williamson County Regional Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). *Ariyoshi v. Robinson,* 477 U.S. 902, 106 S.Ct. 3269, 91 L.Ed.2d 560 (1986).

In accordance with the Supreme Court's order, we vacated the district court's judgment and remanded for further consideration in light of *Williamson County.* *Robinson v. Ariyoshi,* 796 F.2d 339 (9th Cir. 1986). The district court reaffirmed its finding that the plaintiffs' claim was ripe for review. *Robinson v. Ariyoshi,* 676 F.Supp. 1002, 1020–21 (D.Hawaii 1987). The district court also addressed one new issue raised by the State, concerning the 1987 enactment of the Hawaii Water Code. *Id.* at 1021–24. This appeal followed.

The plaintiffs have moved to restrict the issues upon remand to the question "whether the analysis contained in *Williamson County* and its progeny changes the result in this case." The question, properly put, is whether *Williamson County* requires the district court to dismiss this case as unripe.

In *Ostrofe v. H.S. Crocker Co., Inc.,* 740 F.2d 739 (9th Cir.1984), *cert. dismissed,* 469 U.S. 1200, 105 S.Ct. 1155, 84 L.Ed.2d 309 (1985), we reheard a case after the Supreme Court had vacated and remanded a prior decision using exactly the same language that it used in remanding this case. We "conclude[d] that the Supreme Court meant us to reconsider our decision in light of *Associated General Contractors* [103

---

* The Honorable Robert A. Grant, Senior United States District Judge, Northern District of Indiana, sitting by designation.

S.Ct. 897] and nothing more." [1] *Id.* at 748. Accordingly, upon this remand we appropriately may consider only the effect of *Williamson County* and its progeny upon this case.

The State argues that we should not pass upon the plaintiffs' motion until after the completion of briefing and oral argument, citing *United States v. Hooton*, 693 F.2d 857 (9th Cir.1982) (per curiam), and *Page v. United States*, 356 F.2d 337, 339 n. 1 (9th Cir.1966). *Hooton* and *Page* are irrelevant to this case because they concerned motions for summary affirmance on the merits, rather than motions to limit the scope of argument upon remand.

The State next argues that " 'law of the case' doctrine does not preclude [a] merit panel's review of [a] motion panel's judgment" and that "such review is within the merit panel's discretion." *Feldman v. Henman*, 815 F.2d 1318, 1320 n. 1 (9th Cir.1987) (citing *United States v. Houser*, 804 F.2d 565, 567–68 (9th Cir.1986)). This is true, but this case involves a determination concerning the scope of remand, not "law of the case" doctrine. The State makes the curious argument that this type of preliminary motion would unduly lengthen the appellate process. On the contrary, as a matter of judicial economy, it is imperative that courts retain the ability to prevent the briefing of extraneous issues before such briefing takes place.

The State also argues that appellate courts have a duty to consider issues that have arisen subsequent to the district court's decision. *See Richardson v. United States*, 841 F.2d 993, 996 (9th Cir.1988) (noting the existence of "a well-established exception" to "law of the case" doctrine when " 'controlling authority has made a contrary decision of law applicable to such issues' ") (quoting *Kimball v. Callahan*, 590 F.2d 768, 771 (9th Cir.), *cert. denied*, 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33 (1979)). As noted above, however, the issue relevant here is not "law of the case" doctrine but whether the Supreme Court's decision to remand the case on one narrow question reopens the whole case for reconsideration of all issues that have arguably been changed by state law in the interim. In the absence of any authority for such a position, we decline to accept it.

The State's response to the motion constitutes an abuse of precedent that can, with charity, be excused only by assuming that counsel do not know when they have crossed the line separating zealous representation from misstatement of the law. *Compare* Model Code of Professional Responsibility, DR 7–101 (requiring a lawyer to represent a client zealously) *with* Model Code, DR 7–102(A)(5) (prohibiting a lawyer from knowingly making a false statement of law). However, we will not impose sanctions unless plaintiffs make a request, supported by citations to the record and followed by a hearing.

The plaintiffs' motion to restrict the issues raised upon appeal to the scope of remand is granted. The parties will brief only the effect of *Williamson County* and its progeny upon the instant case. The state upon this appeal may raise any arguments that are implicated by *Williamson County's* analysis of ripeness doctrine, including the relevance of the newly enacted Hawaii Water Code.

Briefing will follow the schedule applicable to briefs filed upon notice of appeal in civil cases, with the date of this order taking the place of the notice of appeal.

---

**1.** The State argues that *Ostrofe* "holds only that this Circuit will not view remands of the sort here as implicit instructions to reverse." Although *Ostrofe* does make this observation, it is at best disingenuous to claim that this is the only proposition for which *Ostrofe* stands.