590 So.2d 514 (1991)
Dennis P. WARREN, Appellant,
v.
DEPARTMENT OF ADMINISTRATION, Appellee.
Nos. 89-28, 90-2256.
District Court of Appeal of Florida, Fifth District.
December 5, 1991.
Jason G. Reynolds of Barkin, Gordon, Morris & Reynolds, P.A., Daytona Beach, for appellant.
John M. Carlson, Tallahassee, for appellee.
PER CURIAM.
This is the second appearance of these parties before this court. In Warren v. *515 Department of Administration, 554 So.2d 568 (Fla. 5th DCA 1989), Warren successfully appealed the Department's final order holding that Warren was not covered under the state insurance plan for expenses incurred when he was hospitalized for surgery. This court granted Warren's motion for attorney's fees on appeal and remanded the cause to the hearing officer of the Division of Administrative Hearing to "determine and assess reasonable attorney's fees for this appeal." This order, entered December 28, 1989 during the July 1989 term of court, was not challenged by the Department and is final.
Upon remand, the hearing officer held an evidentiary hearing and determined the appropriate amount of attorney's fees for the appeal phase to be $8,812.50. The basis for the hearing officer's decision was his finding that Warren's attorney reasonably expended 43.6 hours at a rate of $125 per hour. The hearing officer then determined a "lodestar" multiplier of 1.5 was appropriate. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). We approve the finding as to the number of hours and the hourly rate, but expressly disapprove the use of the Rowe multiplier because the record before us fails to contain any evidence justifying the enhancement. Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990); State Farm Mutual Automobile Insurance Company v. Cedolia, 571 So.2d 1386 (Fla. 4th DCA 1990); Travelers Indemnity Company v. Duffy's Little Tavern, Inc., 541 So.2d 689 (Fla. 5th DCA 1989). We therefore find the correct calculation for attorney's fees on appeal to be $5,450. As corrected, we approve the hearing officer's finding and modify the order below to award Warren attorney's fees in the amount of $5,450.
Warren also asks this court to review the correctness of the trial court's denial of his motion for attorney's fees incurred from the commencement of the administrative claim until the Department's final order. However, because Warren's motion for those fees was originally denied prior to his initial appeal and Warren did not raise the propriety of the denial in his initial appeal, the trial court's determination became the law of the case. See Marine Midland Bank Central v. Cote, 384 So.2d 658, 659 (Fla. 5th DCA 1980) ("If no appeal is taken on one point but the case is appealed on another point, then the first point becomes `law of the case' and upon a reversal that law of the case remains as correct and cannot be revisited."). Any argument Warren may have had regarding attorney's fees was waived by his failure to raise the issue in his original appeal. Further, this court's remand was for the limited purpose of determining the amount of attorney's fees for the appeal. Remand for a specific act does not reopen the entire case; the lower tribunal only has the authority to carry out the appellate court's mandate. Florida Power and Light v. Flichtbeil, 513 So.2d 1078 (Fla. 5th DCA 1987), review denied sub nom. Miller v. Florida Power and Light, 520 So.2d 585 (Fla. 1988); Marine Midland Bank Central, supra.
AFFIRMED as corrected.
GOSHORN, C.J., PETERSON and GRIFFIN, JJ., concur.