WHITEHEAD, R., Associate Judge.
Robert Worobec appeals a final judgment awarding appellee Frances Morse attorney’s fees and costs pursuant to section 768.79(1), Florida Statutes (1991), the offer of judgment statute. We find that the trial court properly awarded fees under the statute, but erred in using a contingency risk multiplier of 1.5 to calculate a reasonable fee.
Worobec sued Morse to collect on two promissory notes. The attorney representing Morse in this ease also was representing her in a partition suit she filed against Woro-bee. Their fee arrangement provided that any money the attorney recovered in the partition case would be used to pay him for all hours expended in both cases. Morse would receive the balance, if any, but would pay nothing if the attorney failed to recover any money in the partition suit. The latter suit was pending when Morse obtained a judgment in her favor and was awarded fees in the promissory note action. The trial court found the 135.7 hours expended by Morse’s attorney at $150 per hour to be reasonable. The court then increased the resulting fee of $20,355 to $30,532.50 using a contingency risk multiplier of 1.5. See Florida Patient’s Compensation Fund v. Rowe, *228 472 So.2d 1145 (Fla.1985), modified by Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990).
We do not find that the arrangement between Morse and her attorney created a contingency fee agreement in this case. Payment of the fee did not depend on Morse prevailing in the promissory note action, but on her prevailing in the partition suit. Thus, the fee for this case was not contingent upon the outcome of this ease. See R. Regulating Fla. Bar 4-1.5(f). As such, use of a contingency risk multiplier to calculate a reasonable fee was error. We therefore modify the judgment to reflect a reasonable fee of $20,-355. See Warren v. Department of Admin., 590 So.2d 514 (Fla. 5th DCA 1991).
AFFIRMED AS MODIFIED.
DAUKSCH and HARRIS, JJ., concur.