Unified Judicial System

 

 
 Formatting provided courtesy of State Bar of South Dakota
and South Dakota Continuing Legal Education, Inc.
222 East Capitol Ave.
Pierre, SD 57501-2596 HTML Code Â© State Bar of South Dakota, 1999
IN THE MATTER OF THE CONDITIONAL USE PERMIT
GRANTED TO GREG VAN ZANTEN
For Expansion of an Animal Confinement Operation on Property Located
in Section 36, Township 105, Range 52, Lake County, South Dakota.
[1999 SD 79]
South Dakota Supreme Court
Appeal from the Fourth Judicial Circuit, Lake County, SD
Hon. Tim D. Tucker, Judge
#20596, #20632--Reversed
Mark V. Meierhenry, Danforth, Meierhenry & Meierhenry, Sioux Falls, SD
Attorneys for Appellant Van Zanten.
Chris S. Giles, Lake County State's Attorney, Madison, SD
Attorneys for Appellee Lake County.
Tim R. Shattuck, Elizabeth A. Lewis
Woods, Fuller, Shultz & Smith, Sioux Falls, SD
Attorneys for Appellees Anthony and Brenda Miller.
Argued Jan 12, 1999; Opinion Filed Jun 30, 1999
AMUNDSON, Justice.
[Â¶1] Greg and Bev Van Zanten appeal from the circuit court's decision denying a conditional use permit to construct a hog-finishing unit. We reverse and remand for proceedings consistent with this decision.
FACTS 
[Â¶2] In the summer of 1997, Van Zantens applied to the Lake County Board of Commissioners (County) for a conditional use permit to construct a hog-finishing unit. The building was to house 1,000 to 1,100 hogs and be constructed adjacent to an existing structure already being used for that purpose. A hearing was held on the matter and, on August 19, 1997, the permit was approved by the County.
[Â¶3] Adjoining property owners, Anthony and Brenda Miller, appealed the decision approving the permit to circuit court. On January 6, 1998, the matter was heard by the circuit court. In this first hearing, it came to the attention of the court that the legal description of the property as it was officially listed in the newspaper was incorrect. Van Zantens did not intend to construct the hog-finishing unit on the property described on the permit,(fn1)  but intended to build the unit 150 feet north of an existing unit on property adjacent to the property described in the permit.(fn2)  Both parties agreed there was an error in the legal description of the property, but all parties knew where the proposed building was to be built. The circuit court ordered the matter reversed and remanded back to the County for an accurate legal description. The court indicated once the legal description was accurate it would take the case back up. The court ordered proceedings be continued, pending further action by the County.
[Â¶4] While this matter was pending, on December 16, 1997, the County voted and approved amended zoning regulations which would require any concentrated animal feeding operation to be located at least 1,320 feet from established residences. Notice of the amendments was published December 31, 1997. The amendments became effective twenty days later, on January 20, 1998.
[Â¶5] After the January 6, 1998, hearing, Van Zantens again appeared before the County, this time with the correct legal description. The day the amendments went into effect, January 20, 1998, County met and approved Van Zantens' application for a conditional use permit. The County approved the permit under the regulations applicable at the time of the original application, rather than the recent amendments.
[Â¶6] The circuit court conducted the continued hearing on April 14, 1998.(fn3)  While the court agreed with County that under the old regulations a hog-confinement unit did not constitute a feedlot, the court determined that County was required to apply the amended regulations that went into effect January 20, 1998. Under these new zoning provisions, the conditional use permit could not be granted. Therefore, the court reversed the granting of the permit. Van Zantens appeal, raising the following issues:


1. Whether the circuit court erred in applying the amended Lake County Zoning Ordinance when it reviewed Van Zantens' application for a conditional use permit.
2. Whether the circuit court erred in concluding that the amended zoning ordinance was a valid exercise of the County's power.
By notice of review, Millers raise the following issues:


3. Whether the circuit court erred in ruling that Van Zantens' proposed use was not a feedlot under the old ordinances.
4. Whether the circuit court erred in refusing to award costs and disbursements to Millers as the prevailing parties.
STANDARD OF REVIEW 
[Â¶7] SDCL 7-8-30 provides that appeals from a decision of a county commission "shall be heard and determined de novo." The de novo standard means, "'the circuit court should determine anew the question ... independent of the county commissioner's decision.'" Schrank v. Pennington County Bd., 1998 SD 108, Â¶15, 584 NW2d 680, 682 (quoting Sioux Valley Hosp. Ass'n v. Jones County, 309 NW2d 835, 837 (SD 1981)).
[Â¶8] This Court reviews the circuit court's findings of fact for clear error and its legal conclusions de novo. Tri County Landfill v. Brule County, 535 NW2d 760, 763 (SD 1995). The construction of a statute or ordinance is a question of law. Vellinga v. Vellinga, 442 NW2d 472, 473 (SD 1989).
DECISION 
[Â¶9] 1. Whether the circuit court erred in applying the amended Lake County Zoning Ordinance when it reviewed Van Zantens' application for a conditional use permit.
[Â¶10] The circuit court ruled the amended regulations that went into effect January 20, 1998, were to be applied. The court reasoned that the law to be applied in a zoning case is the law in effect at the time that a decision on an application is made, rather than the law in effect at the time an application was filed. McDonald Advertising Co. v. McIntyre, 536 NW2d 249, 251 (MichCtApp 1995); National Advertising Co. v. Downers Grove, 561 NE2d 1300, 1304 (IllApp2Dist 1990); Fairmount Township Bd. of Supervisors v. Beardmore, 431 NW2d 292, 294-95 (ND 1988); Ward v. Village of Ridgewood, 531 FSupp 470, 472 (DNJ 1982). One recognized exception is where a landowner proves he has acquired a vested right in the prior zoning regulation by having made substantial expenditures in good-faith reliance. Roland F. Chase, Annotation, Retroactive Effect of Zoning Regulation, in Absence of Saving Clause, on Pending Application for Building Permit, 50 ALR3d 596, 602 (1973). The circuit court concluded that Van Zantens failed to meet this "vested rights" exception, therefore, the amendments in effect on the date of the January 20, 1998, hearing governed. We disagree with the circuit court's resolution of this matter. The present case involves a unique procedural situation, which is materially distinguishable from the case law cited. We determine this procedural wrinkle is the controlling issue and mandates application of the ordinances and regulations first appealed from.
[Â¶11] The circuit court reversed and remanded the matter to County for the purpose of correcting the flaw in the legal description, and continued the appeal.(fn4)  The remand was for the limited purpose of correcting a technical flaw in the legal description. The court also indicated it would be helpful if, on remand, the County would enter more specific findings as to the ultimate issue whether the proposed building was a hog-confinement issue or feedlot under the zoning ordinance. The remand was thus limited in scope and was not for the purpose of retrying the case under any new ordinances.(fn5) 
[Â¶12] "The decision to remand lies within the judicial discretion of the trial court and our review is whether it abused that discretion." In re Beaver Lake, 466 NW2d 163, 167 (SD 1991) (citing Matter of State & City Sales Tax Liability, 437 NW2d 209 (SD 1989)). A court may remand to an agency for further proceedings. SDCL 1-26-36. "Moreover, a court may limit the scope of remand." Cheyenne River Sioux Tribe v. PUC, 1999 SD 60, Â¶54, ___ NW2d ___, (citing Public Util. Comm'n v. GTE-SW, 833 SW2d 153, 175 (TexApp 1992); Warren v. Department of Admin., 590 So2d 514, 515 (FlaApp2Dist 1991)).
[Â¶13] When the scope of remand is limited, the entire case is not reopened, but rather, the lower tribunal is only authorized to carry out the appellate court's mandate. 5 AmJur2d Appellate Review Â§ 787 (1995). Thus, the "vacation of a judgment and remand of the case on one error question does not reopen the whole case for reconsideration of all issues that have arguably been changed by the enactment of new state laws in the interim." Id. See also Robinson v. Ariyoshi, 854 F2d 1189, 1190 (9thCir 1988) (where the decision to remand a water rights case on one narrow question did not reopen the whole case for reconsideration of all issues that arguably had been changed by state law in the interim).
[Â¶14] The circuit court remanded this case on a technical issue to correct an error in the legal description of the property and for more specific findings relating to the definition of feedlot. No reapplication was required; in fact, the application fee was not required to be paid again. Under the record of this case, the law in effect was the ordinances and regulations that were at issue on the date notice of appeal was filed, September 17, 1997. Requiring application of a new ordinance, which was adopted in the interim, went beyond the scope of the remand.
[Â¶15] 2. Whether the circuit court erred in ruling that Van Zantens' proposed use was not a feedlot under the old ordinances.
[Â¶16] Because we conclude County properly proceeded under the old ordinances, the issue arises whether the proposed construction of the hog-confinement building constitutes a "feedlot" for purposes of Lake County's zoning ordinances.
[Â¶17] Pursuant to the ordinance in effect, feedlots may not be permitted as a conditional use within 1,320 feet of a residence and not within 330 feet of a federal, state or township highway. Lake County Zoning Regulations, Art. XI, Â§ 1101. Millers argue this hog-confinement unit is a "feedlot" and, thus, could not be built in the location proposed. Pursuant to ordinance, a "feedlot" is defined as:


[A] parcel of land whereon there is contained an operation of feeding or raising animals in excess of one hundred (100) animal units per acre and in excess of five hundred (500) animal units per parcel of land. Animal Unit: One (1) animal unit is equivalent to 1 beef cow, steer, feeder or beef animal; 1 horse; .7 dairy cow; 1.7 swine; 6.7 sheep; 33 hens, cockerels, capons, broilers, or ducks; and 10 geese or turkeys.
Lake County Zoning Regulations, Art. II, Â§ 214.
[Â¶18] Zoning regulations are generally interpreted according to the rules of statutory construction and rules of construction contained in regulations themselves, if there are any. Cordell v. Codington County, 526 NW2d 115, 117 (SD 1994) (citing 83 AmJur2d Zoning and Planning Â§ 698 (1992)). One of the primary rules of statutory construction is to give words and phrases their plain meaning and effect. In re Famous Brands, Inc., 347 NW2d 882, 885 (SD 1984).
[Â¶19] The circuit court ruled that the hog-confinement unit was not a feedlot because it was not a "parcel of land" which contained an operation of animals for feeding or raising.(fn6)  We agree. The ordinance at issue defines feedlot as a "parcel of land[.]" A hog-confinement unit is a building that houses and feeds swine. It is not a bare parcel of land. Under this zoning ordinance, Van Zantens' proposed use did not fall within the definition of feedlot.
[Â¶20] Millers argue that Cordell, 526 NW2d at 117, is authority that a hog-confinement unit can be a feedlot. While this is true, the ordinance at issue in Cordell is materially distinguishable from the ordinance in the present case.(fn7)  The ordinance in Cordell defined "feedlot" as a commercial venture, such a definition is much broader than the definition provided by the ordinance in the present case. 526 NW2d at 117.
[Â¶21] Due to our determination on the above issues, the other issues raised in this appeal need not be addressed.
[Â¶22] We reverse and remand for further proceedings consistent with this decision.
[Â¶23] MILLER, Chief Justice, KONENKAMP and GILBERTSON, Justices, concur.
[Â¶24] SABERS, Justice, concurs in part and dissents in part.
[Â¶25] SABERS, Justice, had deemed himself disqualified, and all parties and counsel waived said disqualification.
SABERS, Justice (concurring in part and dissenting in part).
[Â¶26] I concur on Issue 1, but dissent on Issue 2 because Van Zantens' proposed hog confinement is a "feedlot" under the old ordinance.
[Â¶27] The old ordinance defines "feedlot" as:


[A] parcel of land whereon there is contained an operation of feeding or raising animals in excess of one hundred (100) animal units per acre and in excess of five hundred (500) animal units per parcel of land. Animal Unit: One (1) animal unit is equivalent to 1 beef cow, steer, feeder or beef animal; 1 horse; .7 dairy cow; 1.7 swine; 6.7 sheep; 33 hens, cockerels, capons, broilers, or ducks; and 10 geese or turkeys.
Lake County Zoning Regulations, Art. II, Â§ 214. "The meaning of terms in a zoning regulation is a matter of law for the court." Schrank v. Pennington County Bd., 1998 SD 108, Â¶20, 584 NW2d 680, 683 (citing Cordell v. Codington County, 526 NW2d 115, 117 (SD 1994)).
[Â¶28] Van Zantens' proposed hog confinement would be located on a parcel of land and would raise and feed in excess of 1,000 hogs. The structure would have double curtain side walls for natural ventilation.(fn8)  From April to October, the side curtains would be lowered to allow for air flow through the building. The definition of "feedlot" contained in the ordinance is broad and does not describe the type of structures involved in "an operation of feeding or raising animals." However, it refers to foul, such as hens, cockerels, capons, broilers, and ducks, which are normally fed and raised within some type of structure. Therefore, this "feedlot" includes a "parcel of land" which would contain "an operation of feeding or raising animals."
[Â¶29] Although the County passed amendments to its zoning ordinances to more specifically address the issue of hog confinements, Van Zantens' proposed hog confinement is a "feedlot" under the broad definition contained in the old ordinance and cannot be built within 1,320 feet of a residence. Because the evidence establishes that the proposed site is less than 1,320 feet from the Millers' home, Van Zantens are not entitled to a conditional use permit. Therefore, the trial court got it right, but for the wrong reason, and we should affirm. Kehn v. Hoeksema, 524 NW2d 879, 881 (SD 1994).
Footnotes
1.  The legal description provided:


The South 740 feet of the East 740 Feet of the Southeast Quarter of the Southeast Quarter (SE1/4 SE1/4) of Section Thirty-six (36), Township One Hundred five (105), of Range 52 of Lake County, South Dakota.
This description actually describes Van Zantens' home. 
2.  At the time the motion was made to vote on the permit by the County, no reference was made to the legal description. The error occurred when the zoning officer, in recording the minutes of the meeting, inserted an incorrect legal description obtained from the assessor's office. 
3.  We note the record discloses that only one notice of appeal from the County's decision was filed and is dated, September 17, 1997. 
4.  At the January 6, 1998, hearing, the court stated:


The parties have to go back as far through the process as necessary to get the right legal description.â¦ The court will reverse and remand with directions for the County to readdress the issue. The reason for the continuance is simply so we don't have to try this matter again. (Emphasis added.)
The Order issued January 13, 1998, states:


Ordered, adjudged and decreed that the decision of the Board of Lake County Commissioners on August 19, 1997 whereby Greg Van Zanten was granted a conditional use permit for expansion of his operation of feeding and raising hogs on the following described real property:

The South 740 feet of the East 740 Feet of the Southeast Quarter of the Southeast Quarter (SE1/4 SE1/4) of Section Thirty-six (36), Township One Hundred five (105), of Range 52 of Lake County, South Dakota.
is reversed and remanded to the Board of Lake County Commissioners.


It is further ordered, adjudged and decreed that this matter is continued until such time the Board of Lake County Commissioners takes action on such application.
Further, counsel for appellees conceded at oral argument that the proceedings were a continuation. 
5.  This Court recently held in Cheyenne River Sioux Tribe v. PUC, 1999 SD 60, Â¶54, ___ NW2d ___, on the issue of whether new evidence could be considered on remand, that it was proper for the circuit court to limit the scope of remand to the record before it. 
6.  The court stated:


Giving some deference, the court allows the County to define within a reasonable extent their own terms, and this one being a parcel of land. Is a parcel of land land, or is a parcel of land a confinement unit? And the County in this case decided a confinement unit does not fall within that definition of a feedlot being a parcel of land.
Also, the court notes that the County has adopted new regulations applicable to confinement units, the reason they adopted those regulations is they do not believe the prior regulations covered confinement units, and that again adds support to the conclusion that the County did not consider a hog confinement unit to be a feedlot. So on those issues the court finds that under this definition the hog confinement unit proposed by the Van Zantens is not a feedlot, and is not covered or required to be covered by the zoning regulations for Conditional Use Permit and even if it is necessary under 24 to have a Conditional Use Permit, they got it[.]
A court should generally give deference to a County's interpretation of its own ordinances. See Green v. Sussex County, 668 A2d 770, 775 (DelSuperCt 1995) (stating "The Court should also give deference to the Sussex County Council's interpretation of its own ordinance, at least in respect to devining its intent when it was adopted."); San Pedro Mining Corp. v. Board of County Comm'rs of Santa Fe County, 909 P2d 754, 762 (NMApp 1995) (where ordinances are ambiguous, and County's position is a reasonable interpretation of ordinances, court will give deference). See also Regents of Univ. of Colo. v. Denver, 929 P2d 58, 61 (ColoApp 1996) ("Interpretation of a rule by the agency charged with its enforcement is generally entitled to great deference."); accord Island v. Department of Corrections, 1996 SD 28, Â¶8, 545 NW2d 201, 203 ("Although the final construction of a rule is a question of law, an agency is usually given a reasonable range of informed discretion in the interpretation and application of its own rules when the language subject to construction is technical in nature or ambiguous, or when the agency interpretation is one of long standing.") 
7.  Codington County Zoning Regulations at Â§ 2 defined feedlot as:


Feedlot, Commercial. A commercial venture under corporate or individual ownership involving the assemblage of livestock for the express purpose of preparation for market, and may be typified by rapid turnover of livestock, or the absence of dwelling unit, or without the association with other uses normally occurring on a farm. 
8.  Mr. Van Zanten testified regarding the construction of the proposed structure:


There's 2 by 4 studs every 16 inches and then there's a curtain that's on the outside of that, and the curtain is thermostatically controlled to provide the proper environment for the hogs. When the curtain is up no air can get through the building and the curtain stays down or is up from approximately October to April, so in effect there is a wall in the building from October to April.