MEMORANDUM **
In a prior appeal, we reversed the district court’s grant of summary judgment in favor of a seller of a condominium in Kona, Hawaii, in her action to recover possession. We did so because the parties did not agree to condition the sale of the property on the successful completion of a licensing agreement granted to the seller to market branded coffee products. We also noted *937 disputed facts regarding whether the buyer lawfully suspended his payments to the seller because he believed the seller would not transfer title. The district court’s ruling for the seller on remand rested on a different legal ground, that she was entitled to rescission of the parties’ agreement because of a partial failure of consideration. It therefore did not violate the law of the case doctrine. See Maag v. Wessler, 993 F.2d 718, 720 n. 2 (9th Cir.1993).
Under Hawaii law, courts have considerable latitude in fashioning an equitable remedy for total or partial failure of consideration in an agreement of sale for real property. Jenkins v. Wise, 58 Haw. 592, 574 P.2d 1337, 1342 (1978) (“[T]he trial court has the plenary power to fashion a decree to conform to the equitable requirements of the situation.”). Bishop Trust v. Kamokila, 57 Haw. 330, 555 P.2d 1193, 1196 (1976), held that “[wT]here land has been conveyed in exchange for the defaulted performance and the damages are not readily ascertainable, cancellation of the deed is the appropriate remedy,” particularly where the defaulted performance “goes to [the] ‘essence’ ” of the contract. See also K.M. Young & Associates, Inc. v. Cieslik, 4 Haw.App. 657, 675 P.2d 793, 802-03 (1983). The district court granted rescission because it found the licensing agreement went to the essence of the contract and the seller testified credibly that it was the reason she did not seek to rescind the contract earlier when the buyer stopped making payments. These findings are not clearly erroneous and thus the court did not abuse its discretion in ordering rescission.
Finally, the buyer contends the district court erred in refusing to consider five of his original counterclaims after our remand. We disagree. The buyer did not appeal the dismissal of those counterclaims and we did not consider them on the first appeal. The district court therefore did not err by refusing to consider them on remand. See Robinson v. Ariyoshi, 854 F.2d 1189, 1190 (9th Cir.1988).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except its provided by 9th Cir. R. 36-3.