#27743-a-GAS
**2016 S.D. 66**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

BRANT LAKE SANITARY DISTRICT,
a political subdivision of
the State of South Dakota,                                  Plaintiff and Appellant,

    v.

STEVEN L. THORNBERRY and
GLORIA THORNBERRY,                                  Defendants and Appellees.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
LAKE COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE PATRICK T. PARDY
Judge

\* \* \* \*

JEROME B. LAMMERS of
Lammers Kleibacker, LLP
Madison, South Dakota                                  Attorneys for plaintiff and
    appellant.


JAY M. LEIBEL of
Leibel Law Firm, Prof., LLC
Madison, South Dakota                                  Attorneys for defendants and
    appellees.

\* \* \* \*

CONSIDERED ON BRIEFS
ON AUGUST 29, 2016
OPINION FILED **09/28/16**

#27743

SEVERSON, Justice

[¶1.] Brant Lake Sanitary District sought to enjoin Steven and Gloria Thornberry from using or occupying their real property until they connected their dwelling to Brant Lake's sewer line.  The circuit court determined that the ordinance requiring connection to the public sewer did not apply to the Thornberrys, and it granted summary judgment in favor of the Thornberrys.  Brant Lake appeals.  We affirm.

## Background

[¶2.] Brant Lake enacted Ordinance No. 4 in December 2007.  The ordinance "regulat[es] the use of public and private sewers and drains, private wastewater disposal, the installation and connection of building sewers, and the discharge of waters and wastes into the public sewer system[.]"  The parties dispute the meaning of Section 2 of the ordinance.  It provides in relevant part:

> D.  The owner of all houses, buildings or properties used for human occupancy, employment, recreation, or other purposes, situated within the District is hereby required at the owner's expense to install suitable toilet and sanitation facilities therein, and to connect such facilities directly with the proper public sewer in accordance with the provisions of this ordinance within sixty (60) days after the date of official notice to do so.

> E.  The provisions of paragraph D, above, shall not apply to existing houses, buildings or properties not currently required to be connected to the public sewer system of the District.

[¶3.] Since 1998, the Thornberrys have maintained a dwelling on real property within Brant Lake.  They use the dwelling on a seasonal basis and maintain a portable chemical toilet on the property.  Brant Lake notified the Thornberrys on August 18, 2014, that, pursuant to Ordinance No. 4, Section 2, they

must install suitable toilet and sanitation facilities in their dwelling and connect those facilities to the main public sewer line within sixty days of August 20, 2014. Brant Lake sent a second notice on November 4, 2014. Steven Thornberry informed Brant Lake that he hoped to begin construction in the spring of 2015. In April 2015, Brant Lake agreed to give the Thornberrys until June 1, 2015, to connect to the sewer. By October 2015, the Thornberrys had not taken any steps to connect to the main sewer system, and Brant Lake instituted this action.

[¶4.] Both Brant Lake and the Thornberrys moved for summary judgment. On December 17, 2015, the circuit court held a hearing on the motions and determined that Section 2(E) of Ordinance No. 4 exempted the Thornberrys from the requirements of Section 2(D). On appeal, Brant Lake contends that the court erred in its determination that 2(E) is a grandfathering clause.

## Analysis

[¶5.] The parties agree that there are no genuine issues of material fact; they only disagree on the court's determination that Brant Lake's Ordinance No. 4 contains a grandfathering clause applicable to the Thornberrys. Construction of an ordinance is a question of law we review de novo. *See In re Conditional Use Permit Granted to Van Zanten*, 1999 S.D. 79, ¶ 8, 598 N.W.2d 861, 863. Brant Lake *may* require the Thornberrys to connect to sewer facilities if it enacts ordinances or resolutions that require as much. *See* SDCL 34A-5-35 ("The board of trustees may require by ordinance or resolution that all dwellings or structures within the district, or within a defined area, shall be connected with the sewers of the

district."). The question before this Court is whether Brant Lake's Ordinance No. 4 requires the Thornberrys to connect to Brant Lake's sewer system.[1]

[¶6.] Section 2(D) provides in pertinent part: "[t]he owner of all houses, buildings or properties . . . is hereby required . . . to install suitable toilet and sanitation facilities . . . and to connect such facilities directly with the proper public sewer . . . within sixty (60) days after the date of official notice to do so." However, Section 2(E) provides that "[t]he provisions of paragraph D, above, shall not apply to existing houses, buildings or properties not currently required to be connected to the public sewer system of the District." According to Brant Lake, "not currently required" refers to those property owners who have not yet received notice. Brant Lake asserts that Section 2(E) "says and means that if [Thornberrys] have not been notified, and only then, no connection is required."

[¶7.] Section 2(E) is a grandfather provision. The language "not currently required" refers to the time at which the ordinance was enacted in 2007. To read it otherwise would render Section 2(E) meaningless. *See Appeal of Real Estate Tax Exemption for Black Hills Legal Servs., Inc.*, 1997 S.D. 64, ¶ 12, 563 N.W.2d 429, 432 (quoting *Rapid City Educ. Ass'n v. Rapid City Sch. Dist.*, 522 N.W.2d 494, 498 (S.D. 1994)) ("'There is a presumption against a construction [that] would render a statute ineffective or meaningless.'"). Section 2(D) already makes it clear that notice triggers the requirement to connect to the public sewer system within 60 days. There is no need for a section that states, as Brant Lake asserts it does, that

---

1. "[O]rdinances, as legislative enactments, are interpreted consistent with the rules of statutory construction." *In re Approval of Request for Amendment to Frawley Planned Unit Dev.*, 2002 S.D. 2, ¶ 6, 638 N.W.2d 552, 554.

owners who have not received notice need not connect to the public sewer system.[2]

Although Brant Lake contends that reading Section 2(E) as a grandfather clause would render the ordinances inoperative, they still apply to new buildings that were not in existence at the time the ordinances were adopted. Furthermore, there is no question that the ordinances may be changed to require the Thornberrys to connect to the public sewer system. However, as written, the ordinances do not require them to do so.

[¶8.] In the event that this Court decides that Section 2(E) is a grandfather provision that exempts the Thornberrys, Brant Lake has asked that we make the determination that the Thornberrys are required to maintain a private wastewater disposal system under Section 3 of Ordinance No. 4. Brant Lake asks that we "not permit a continuing violation by Thornberrys[.]" However, there has been no determination that the Thornberrys are in violation of the ordinances. The issue whether Thornberrys are required to maintain a private wastewater system was not considered by the circuit court, and therefore we decline to address the issue.[3]

---

2. Brant Lake seems to assert that SDCL 9-48-53 independently requires connection to a public water sewer system. However, SDCL 9-48-53 provides, in part, "[e]ach building in which plumbing fixtures are installed shall connect to a public water sewer system if available." It is undisputed that there is *not* installed plumbing within the Thornberry's structure. The statute is inapplicable.

3. Similarly, although the parties devote briefing to the issue whether the Thornberry's "porta potty" complies with the ordinances, the court explained at the summary judgment hearing that the issue of the "porta potty" was not before it and Brant Lake agreed. The following exchange occurred:

> **Court:** I agree with you that Section C makes it clear that it would be a violation of the Ordinance to have a porta potty, but

(continued . . .)

**Conclusion**

[¶9.] Brant Lake's ordinances, as written, do not require the Thornberrys to connect to its public sewer system. We affirm.

[¶10.] GILBERTSON, Chief Justice, and ZINTER and KERN, Justices, concur.

[¶11.] WILBUR, Justice, dissents.


WILBUR, Justice (dissenting).

[¶12.] I respectfully dissent because I disagree that Section 2(E) is a grandfather provision. The majority opinion interprets Section 2(E) only in reference to 2(D). When Section 2(E) is read in conjunction with Ordinance 4 as a whole, Section 2(E) does not exempt Thornberrys' building. *See City of Marion v. Schoenwald*, 2001 S.D. 95, ¶ 12, 631 N.W.2d 213, 218 (we read enactments as a whole) (citing *Faircloth v. Raven Indus., Inc.*, 2000 S.D. 158, ¶ 6, 620 N.W.2d 198, 201).

[¶13.] Ordinance 4 regulates:

> the use of public and private sewers and drains, private wastewater disposal, the installation and connection of building sewers, and the discharge of waters and wastes into the public sewer system . . . in the Brant Lake Sanitary District[.]

---

(. . . continued)

> that issue isn't before me. That wasn't part of your pleadings to remove a porta potty. This - - this case was to force - -
>
> **Counsel for Brant Lake:** Well, they raised the question, Your Honor, and then I refuted it in my - - in my reply to their Answer and Counterclaim, and so as far as the Motion for Summary Judgment is concerned, yeah, that - - that's irrelevant really.

Section 1 defines certain terms. Section 2 is entitled, "Use of Public Sewers Required." The first three provisions describe what conduct is illegal in regard to wastewater and sewage deposits and discharge on public and private property. The fourth provision, Section 2(D), provides that:

> [t]he owner of all houses, buildings or properties used for human occupancy, employment, recreation, or other purposes, situated within the District is hereby required at the owner's expense to install suitable toilet and sanitation facilities therein, and *to connect such facilities directly with the proper public sewer in accordance with the provisions of this ordinance* within sixty (60) days after the date of official notice to do so.

(Emphasis added.) Section 2(E) exempts "existing houses, buildings or properties not currently required to be connected to the public sewer system of the District."

[¶14.]     The question in this case is whether Thornberrys' building is "not currently *required* to be connected to the public sewer system of the District." (Emphasis added.) The majority opinion does not identify *why* Thornberrys' building is exempt under Section 2(E). Yes, Thornberrys' building is not currently (actually) connected to the public sewer system. But that does not perforce mean Thornberrys' building is not currently *required* to connect.

[¶15.]     A review of Ordinance 4 as a whole indicates that buildings not required to be connected are those without a connection available. Under Section 3(A), "[w]here a public sanitary or combined sewer is not available under the provisions of Section 2-D, the building" must connect "to a private wastewater disposal system complying with the provisions of this article." This case is not about whether Thornberrys' "porta-potty" is a private wastewater disposal system because, here, it is undisputed that a public sewer connection is available.

However, even if Thornberrys had a qualifying private wastewater disposal system, Section 3(E) mandates that "[a]t such time as a public sewer becomes available to a property served by a private wastewater disposal system, as provided in Section 2, a direct connection shall be made to the public sewer within 60 days in compliance with this ordinance[.]"

[¶16.] The plain language of Ordinance 4 supports that Section 2(E) excludes the owners of a house, building, etc. from the mandates of Section 2(D) when a public sewer connection is not available. *See* Ordinance No. 4, Section 3(A). Here, a connection to a public sewer system is available to Thornberrys' building and Brant Lake Sanitary District gave Thornberrys official notice that they must connect their facilities to the available public sewer line within sixty days. Because Thornberrys failed to comply with Ordinance 4, specifically Section 2(D), I would hold that the circuit court erred when it granted Thornberrys summary judgment.