#28310-a-GAS
**2017 S.D. 86**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

　　　v.

JOSHUA ALLEN BAUSCH,                    Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE LAWRENCE E. LONG
Judge
* * * *

MARTY J. JACKLEY
Attorney General

KELLY MARNETTE
Assistant Attorney General
Pierre, South Dakota                    Attorneys for plaintiff
                                        and appellee.


MARK KADI of
Minnehaha County Office
　of the Public Advocate
Sioux Falls, South Dakota                    Attorneys for defendant
                                        and appellant.

* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 6, 2017
OPINION FILED **12/13/17**

SEVERSON, Justice

[¶1.]     In *State v. Bausch*, we reversed Joshua Allen Bausch's convictions for sexual contact and remanded the case with direction that the circuit court vacate the convictions and resentence Bausch on the remaining rape convictions.  2017 S.D. 1, ¶ 29, 889 N.W.2d 404, 413, *cert. denied*, 138 S. Ct. 87 (2017).  After the circuit court entered a new judgment of conviction and sentence as directed by our remand, Bausch filed a motion for a new trial.  The circuit court denied the motion, and Bausch appeals.  We affirm.

## Background

[¶2.]     On March 20, 2015, a jury convicted Bausch of four counts of first-degree rape and two counts of sexual contact with a child under sixteen years of age.  The circuit court sentenced Bausch to twenty years on one count of rape found to have occurred in December 2012 and fifteen years on one count of sexual contact found to have occurred in December 2012.  The court ordered the sentences to run concurrently.  For the counts concerning conduct that occurred in March 2013, the court sentenced Bausch to twenty years for each of the three rape convictions and fifteen years for the sexual contact conviction.  The court ordered the sentences to run concurrent to each other but consecutive to the sentences imposed for the December 2012 rape and sexual contact convictions.

[¶3.]     Bausch appealed, challenging the circuit court's (1) exclusion of evidence concerning statements the victim made about self-harm, (2) denial of a judgment of acquittal on the two sexual contact counts, and (3) jury instructions.  Bausch also argued that there was insufficient evidence to sustain his convictions

and that his sentence was cruel and unusual in violation of the Eighth Amendment and an abuse of discretion. We reversed Bausch's convictions for sexual contact, remanded for the circuit court to vacate those counts, and ordered the court to resentence Bausch. *Id.* We affirmed the circuit court in all other respects. *Id.* ¶ 41.

[¶4.] On January 5, 2017, the circuit court held a resentencing hearing. At the conclusion of the hearing, the court vacated the convictions for sexual contact. The court re-imposed separate twenty-year sentences on the four rape convictions. It ordered the sentences for counts two through four to run concurrent to each other but consecutive to the sentence for count one. The court gave Bausch credit for time served.

[¶5.] On January 9, Bausch moved for a new trial. He alleged that an error of law occurred at his 2015 trial when the circuit court erroneously excluded relevant evidence. As proof that the court erroneously excluded relevant evidence, he quoted a sentence in *Bausch* in which we wrote that the victim's "statements about self-harm may have strengthened Bausch's defense[.]" *Id.* ¶ 18. Bausch also asserted that an irregularity occurred on appeal in *Bausch* because, in his view, this Court applied an erroneous legal standard when reviewing his claim that the circuit court erred when it excluded the evidence related to the victim's statements about self-harm. Bausch further requested a new trial based on newly discovered evidence, namely a letter from a potential witness indicating that she was at the home when the December 2012 incidents occurred, that she was up all night, and that she did not see anything improper.

[¶6.] We note that following our decision in *Bausch*, Bausch filed a petition for rehearing before this Court in January 2017. Among other things, he requested a rehearing because we rewrote his first issue statement and allegedly applied the wrong legal standard on that issue. He also claimed that we failed to assess the effect of the excluded evidence on the witness in question and instead erroneously assessed the effect of the excluded evidence on the jury's verdict. We denied Bausch's petition.

[¶7.] On June 12, 2017, the circuit court denied Bausch's motion for a new trial. Bausch appeals, and we quote his issue statements below:

1. Whether a finding by an appellate court that excluded evidence would have helped the defendant's case prior to a final judgment and sentence justified granting the appellant's motion for a new trial after a hearing on the merits.

2. Whether a holding by an appellate court that utilized an improper legal test and resulting standard of review occurring prior to a trial court's final judgment and sentence justified granting the appellant's motion for a new trial after a hearing on the merits.

### Analysis

[¶8.] Before we address the merits of Bausch's current appeal, it is helpful to revisit Bausch's arguments made in his first appeal and our analysis in *Bausch*. In his brief for *Bausch*, he stated his first issue as: "The trial court erred by preventing the appellant from cross examining the alleged victim regarding suicidal ideations and self harm to establish his theory of the case." He then alleged that "[t]he trial court's ruling decision constituted an abuse of discretion, and yet also deprived the Appellant of his constitutional right to a fair trial, by precluding his

ability to effectively cross examine the State's primary witness relating to the defense's primary theory."

[¶9.]     In particular, Bausch argued that the evidence was relevant "to show a witness has a potential interest in the result, bias and motive to lie." He referred to his right to challenge witness credibility and quoted a United States Supreme Court case for his claim that his right to cross-examine included the right to bring into question the witness's interest and bias. *See Davis v. Alaska*, 415 U.S. 308, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974). He claimed that excluding cross-examination to protect the juvenile witness "must yield to Constitutional protections accorded to criminal defendants per *Davis*." Bausch also indicated that his trial counsel had relied on *State v. Huber* in objecting to the circuit court's decision to exclude the evidence. 2010 S.D. 63, 789 N.W.2d 283. He then claimed that under *Huber*, the circuit court's ruling prevented his "ability to cross examine fully" and his "pursuit of the self-harm statements [that] would have allowed full exposure of the depth of the alleged victim's interest to catch the attention of her mother and family." Bausch asserted that "the statements of self-harm were part of [his] (far more than tenuous) defense" and that he "had the right to present it."

[¶10.]     Bausch concluded his argument on the issue by stating: "The trial court erred when it excluded evidence of self-harm statements which were part of [his] theory of defense. In doing so, it also denied [Bausch] his constitutional right to a fair trial by preventing full submission of the entire defense theory." He then asserted that the trial court's error in excluding the evidence "was not harmless error since the conviction was not based on overwhelming evidence." He referred to

the weakness of the evidence in the case and argued that such evidence did not constitute overwhelming evidence of his guilt.

[¶11.] In Bausch's reply brief, he reiterated that the circuit court's ruling prevented him from inquiring into the victim's bias and interest and thus deprived him of his right to a fair trial. He again referred this Court to *Davis* and asserted that the circuit court's exclusion of the evidence constituted reversible error. In his view, the statements went to issues of the victim's motive, and by precluding him from inquiring on cross-examination about the victim's bias, the court denied him of due process and his right to a fair trial.

[¶12.] In this Court's decision in *Bausch*, we restated Bausch's first issue as: "Whether the circuit court abused its discretion in limiting cross-examination by excluding questions regarding statements A.L. made about self-harm." 2017 S.D. 1, ¶ 10, 889 N.W.2d at 408. We then held that "[t]he circuit court did not abuse its discretion by denying Bausch's request to cross-examine Ann [(the grandmother)] on statements made by A.L. regarding self-harm." *Id.* ¶ 13. We further held that even if the evidence were relevant, "Bausch has not demonstrated prejudicial error." *Id.*

[¶13.] We then addressed Bausch's claim that *Huber* controls. We concluded that Bausch "had numerous opportunities to present the theory of his defense." *Bausch*, 2017 S.D. 1, ¶ 16, 889 N.W.2d at 410. We said that "his inability to use the statements to cross-examine Ann did not preclude Bausch from either presenting his defense theory or responding to the State's case." *Id.* ¶ 18.

[¶14.]     We also addressed Bausch's claim that under *Davis*, he had a right to expose a witness's potential bias. *Id.* ¶ 22. We distinguished *Davis* because "the failure to offer such evidence [in *Davis*] precluded the defense from meaningfully raising the defense altogether," while here Bausch was able to raise his defense meaningfully. *Id.* We concluded the issue with the following statements:

> As noted above, Bausch was able to establish a plausible theory to explain why A.L. might fabricate an account of rape. It was then left for the jury to decide whether to believe Bausch's theory. While Bausch states that he wished to "expose . . . the depth of the alleged victim's interest to catch the attention of her mother and family," the testimony sought from Ann was not central to Bausch's defense.

*Id.* ¶ 23.

[¶15.]     With the above summary of Bausch's arguments in *Bausch* and this Court's analysis in mind, we now address Bausch's claim that he is entitled to a new trial on the four counts of rape affirmed by this Court in *Bausch*. He first argues that the circuit court erred when it failed to grant him a hearing on the merits of his motion. According to Bausch, he timely filed his motion for a new trial after the circuit court entered a judgment and sentence on remand. *See* SDCL 23A-29-1. And, in his view, a motion for a new trial following remand by this Court was procedurally appropriate. Bausch relies on *State v. Rolfe* (*Rolfe II*), 2014 S.D. 47, 851 N.W.2d 897.

[¶16.]     Although Bausch timely "served and filed [the motion for a new trial] not later than ten days after filing of the judgment," *see* SDCL 23A-29-1, this case does not concern the timeliness of Bausch's motion. Rather, this case concerns the circuit court's jurisdiction to consider a motion for a new trial served and filed after

this Court remits a case to the circuit court. When remitter returns a case to the circuit court, we release our jurisdiction. *State v. Piper*, 2014 S.D. 2, ¶ 10, 842 N.W.2d 338, 343. But remitter does not "spontaneously resurrect" the circuit court's original jurisdiction. *Id.* Rather, "the scope of the circuit court's jurisdiction [on remand] must conform to the dictates of our opinion." *Id.*

[¶17.]  We concluded the same in *Rolfe II*. In *State v. Rolfe* (*Rolfe I*), we had remanded the case for the trial court to make specific findings related to the court's decision to close the courtroom. 2013 S.D. 2, ¶ 32, 825 N.W.2d 901, 911. On remand, Rolfe moved for a new trial, asserting that a new trial was the only appropriate remedy to rectify the error identified in the first appeal. *Rolfe II*, 2014 S.D. 47, ¶ 1, 851 N.W.2d at 899. The circuit court denied Rolfe's motion, and we affirmed. We recognized that in *Rolfe I*, we had "considered what relief would be appropriate" to rectify the court's error and did not order a new trial. *Id.* ¶ 10 (citing *Rolfe I*, 2013 S.D. 2, ¶ 32, 825 N.W.2d at 911). Because Rolfe's motion for a new trial on remand was "an argument directly at odds with our decision and instructions on remand in *Rolfe I*," we held that the court properly denied Rolfe's motion. *Rolfe II*, 2014 S.D. 47, ¶ 11, 851 N.W.2d at 902.

[¶18.]  Likewise, Bausch's motion for new trial is directly at odds with our opinion in *Bausch* and our denial of his petition for rehearing following *Bausch*. In *Bausch*, we resolved the error now alleged by Bausch—that the circuit court excluded relevant evidence—and concluded that Bausch was not entitled to a new trial. 2017 S.D. 1, ¶ 18, 889 N.W.2d at 410. And when Bausch petitioned this Court for a rehearing following our decision in *Bausch*—claiming that we applied an

improper legal test and standard of review on his first issue—we denied the petition.  In our order denying Bausch's petition, we concluded that "no issue or question of law or fact appear[ed] to have been overlooked or misapprehended."

[¶19.]        In *Piper*, we recognized that "[t]he integrity of a hierarchical system of appellate review is not something to be lightly cast aside."  2014 S.D. 2, ¶ 10 n.5, 842 N.W.2d at 343 n.5.  Therefore, "when the direction contained in the mandate is precise and unambiguous, it is the duty of the lower court to carry it into execution, and not to look elsewhere for authority to change its meaning."  *Id.* ¶ 11, 842 N.W.2d at 343 (quoting *West v. Brashear*, 39 U.S. (14 Pet.) 51, 54, 10 L. Ed. 350 (1840)).

[¶20.]        Here, *Bausch* clearly provides that we affirmed in part, reversed in part, and remanded.  In particular, we affirmed Bausch's four convictions and sentences for rape; we reversed Bausch's convictions for sexual contact; and we remanded for the circuit court to vacate the sexual contact convictions and resentence Bausch on the rape convictions.  2017 S.D. 1, ¶¶ 29, 41, 889 N.W.2d at 413, 415.  "When the scope of remand is limited, the entire case is not reopened, but rather, the lower tribunal is only authorized to carry out the appellate court's mandate."  *In re Conditional Use Permit Granted to Van Zanten*, 1999 S.D. 79, ¶ 13, 598 N.W.2d 861, 864 (citing 5 Am. Jur. 2d *Appellate Review* § 787 (1995)).  Because our limited remand only gave the circuit court authority to vacate Bausch's convictions for sexual contact and to resentence Bausch, the court could not consider Bausch's motion for a new trial.  Indeed, "Article V of the South Dakota Constitution requires [the court's] deference and clear adherence to this Court's

remand instruction to constitutionally function." *State v. Berget,* 2014 S.D. 61, ¶ 18, 853 N.W.2d 45, 52.

[¶21.] Because the circuit court carried out our remand directive when it vacated Bausch's sexual contact convictions and resentenced Bausch on the four rape convictions, we affirm.

[¶22.] GILBERTSON, Chief Justice, and ZINTER and KERN, Justices, and WILBUR, Retired Justice, concur.

[¶23.] JENSEN, Justice, did not participate.